## BODAMER et v BLISS

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9913.   Decided September 23, 1929

Mr. G. O. Farquharson, Cleveland, for Bodamer.

Messrs. Collister, Stevens & Gillis, for Bliss.

SULLIVAN, J.

Now if, from the record, it was apparent that the agent of the plaintiff and the defendants below clandestinely was acting for both parties for hire, then the McConnell case supra would rule. If, however, on the contrary it appears on the record that there is evidence of a substantial nature, even though conflicting, which shows that the broker divulged his connection with both parties, then it would follow, if the deal was consummated and ratified especially, that whatever was done was by the consent and knowledge of both parties and when such a state of facts exists then we have the case of Colley vs Sampson et al. O. App. 2nd Dist. Franklin County, No. 1497, Dec. Feb. 18, 1927, which reads as follows:

"In an action to collect a real estate commission, where plaintiff's evidence shows a double agency, it is incumbent upon plaintiff to prove that double agency was fully disclosed to defendants and that both parties to contract consented to and approved double agency."

"Court may direct for defendant where evidence shows double agency contract with failure of notice, even though double agency issue is not raised in pleadings."

From a reading of the record in this case there is substantial evidence tending to show that both parties knew that the agent in question was acting in a dual capacity; that he was receiving commission from each side as there were two pieces of property which he was to sell, all of which forms a foundation bearing out the truth of the evidence just referred to, that if one party was to pay a commission for the sale of his poreprty it would not be repugnant to the situation that the other party should assume the same responsibility by way of commission for the sale of his property.

It cannot be disputed from the record but that there was a contract that the defendants below agreed to pay the plaintiff below a commission amounting to the sum of $900.00; that there was a written agreement to this effect, and a provision for an exchange of properties, and that plaintiff was the procuring cause cannot be disputed. Neither can it be denied from the record that the parties went to the Cleveland Trust Co., and executed final instructions.

The controversy arises as to the good faith of the agent, C. P. Bliss, in the conduct of the business. The contract for the

sale and exchange of the properties was signed by Van Curen, the president of The Curen Realty Co., in the presence of the defendants and other persons, and immediately subsequent thereto it is apparent from the record that he executed the agreement to pay the plaintiff a commission for the sale of the Lakewood property, in the sum of $1075.00. Now that there is evidence in the record tending to show that this double agency was discussed by the parties on various occasions, and especially in an automobile while on the way to visit one of the mortgagees, the issue transforms itself into a question of fact more than a question of law because in order to have the law, which able counsel for plaintiffs in error cite in the McConnell case supra, apply, it would have to be clear from the record that there was no disclosure of double agency. This situation was corroborated at the time the escrow agreement was executed and left with The Cleveland Trust Company in its main office. There were present at the time, the owners of both properties and other persons and it appears then and there and thereby that there was not only no concealment of double agency, but no other interpretation but a divulgence of the transaction can be claimed from the record. A joint escrow was executed providing for the instructions to guide the bank. It provided for the transfer of the Van Curen property and for the payment of the Van Curen commission. There was also a provision that this particular escrow was to form a part of another escrow which related to the property of plaintiffs in error. This escrow after it forms its combination, closes with the signature of both parties. Escrow known as No. 21897 has a provision for the transfer of the Bodamer property and for the payment of the Bodamer commission. Likewise there appears the language, "this escrow is to form a part of escrow No. 21896," which likewise closed with the signature of the parties. Thus it seems to us impossible to come to the conclusion that the transaction was not in good faith and that the double agency existed without the knowledge, consent and ratification of the parties to the transaction. The commission orders. there is testimony to show, were read over and there was no objections made for the receiving of the commission from Van Curen and likewise Van Curen made no objection.. The combined instruments were read aloud and no objections were raised and thereupon they were executed as a joint escrow.

When the plaintiff in error was being pressed at the trial as to his knowledge of the commission, one of his answers was, "I have nothing to say under oath," and the testimony of the other principal was just as indefinite, uncertain and indifferent.

Thus it seems that every step in the transatcion was in writing and read in the presence of all the parties concerned, which precludes the idea of the existence of double agency by any clandestine or fraudulent process. Therefore, instead of the McConnell case supra and the Colley case supra being authorities supporting the contention of plaintiffs in error we think that they are consonant with the record in the case and especially upon the doctrine which projects from the record that upon the issues raised they present a question of fact more largely than one of law and these facts were properly submitted to the tribunal below who held for plaintiff.

Where there is an exchange of property instead of a straight sale, the question naturally arises where there is but one agent why one party, for the sale of his property, should pay a commission and the other party for the sale of his property should not pay a commission. It is true that the McConnell case supra seems to hold against such a situation but we are inclined to believe that where there is no fraud the agent who sells two properties for two individuals by way of exchange is entitled to a commission according to the contract payable by each of the owners of the properties and this we think is not in violation of the McConnell case supra where there is nothing in the record to show a tendency to defraud or that the transaction was not in good faith. The reason for our conclusion is that if a common broker sells A's property and also sells B's property, there is just as much reason for charging commission for the sale of one as for the other, unless the transaction is tainted with suspicion or fraud which has a material effect upon the transaction itself.

Holding these view the judgment of the Common Pleas court is hereby affirmed.

Vickery, PJ, concurs. Levine, J, not participating.