272

D. T. Hackett, Cincinnati, for plaintiff in error.

Woeste & Quin, Cincinnati, for defendant in error.

## OPINION

By ROSS, J.

It is the well settled law of this state that no commission can be recovered by a real estate agent who represents both parties to the transaction, unless the party to be charged is fully aware of the dual agency and that the agent is recovering compensation from both parties.

This rule needs no argument to justify its merit.

It is difficult to see how an agent can fully and ethically fulfill his duties to both employers, and the fact that such cases so frequently find their way into litigation is in itself indicative of the wisdom of the rule against the practice.

The evidence tending to show knowledge of the dual agency on the part of the plaintiff in error is confined to the testimony of the agent. The dual agency being admitted, the burden of showing knowledge rested squarely upon the defendant in error. We consider that such evidence as appears in this case is not sufficient to justify a conclusion that the plaintiff in error did know of the dual agency and promised compensation by the other contracting party. The undisclosed existence of such dual agency amounts to a fraud upon the party to be charged. The evidence indicating knowledge, consent, and acquiescence should be clear and convincing. If all that is necessary, is for the agent to assert that such knowledge exists, the rule can have little value and the limits placed by public policy easily invaded.

It is also urged that because the amount due under a mortgage to be assumed by plaintiff in error under the terms of the Borger contract was larger than the amount of the mortgage set out in the contract there was no meeting of the minds of the parties, and, hence, the agent procured no contract to purchase the property of plaintiff in error. The evidence is not clear as to whether or not this excess existed at the time the Borger contract was submitted to plaintiff in error, or was an accrual of charges thereafter. We prefer, in view of our final disposition of the case, to reserve any ruling upon this phase of the defense.

A third claim of plaintiff in error is, that the contract was breached by the Borgers. This was due to a defect in the title of plaintiff in error. It is also well settled law that an impediment to the carrying out of the contract to sell, due to some act of the principal, or a defect inherent in his title, or inability to perform, and of which the agent is unaware and should not have known, is no defense to an agent's claim for commission if he has been successful in obtaining a purchaser, able, ready, and otherwise willing to accept the property. 4 R. C.L., p. 312, §51. 6 Ohio Juris., p. 225, §52. Jamison v Harrison, Jr., 10 Oh Ap, 454, 457.

For the reason, therefore, that we consider the judgment of the trial court not sustained by sufficient evidence to warrant a belief that the plaintiff in error was aware of the dual agency and compensation, and acquiesced therein and consented thereto, we reverse the judgment of the Municipal Court of Cincinnati, and remand the case directly to that court for a new trial.

HAMILTON, PJ, and CUSHING, J, concur.