## CARTER v LEININGER et

Ohio Appeals, 1st Dist, Hamilton Co

No 4671.   Decided Jan 14, 1935

Charles E. Vance, Cincinnati, and James H. Cleveland, Cincinnati, for plaintiff in error.

Eugene Adler, Cincinnati, for defendants in error.

**OPINION**

By HAMILTON, PJ.

The plaintiffs below, Leininger and Kent admitted that at the time they negotiated with Mrs. Carter for the exchange of her property with Mr. Wissel, they represented Wissel. The dual agency is admitted and proved. It therefore became the duty of the plaintiffs below, defendants in error in this court, to prove that Mrs. Carter knew of and assented to this double employment. The rule is, that where the employment of a broker by either party is not disclosed nor assented to by the other party, the broker cannot recover against either. **Bell v McConnell, 37 Oh St, 396.** In the case of Lass v Meinhart, etc., Hamilton County, No. 4292, opinion by this court April 3, 1933, this court said:

"It is the well-settled law of this state that no commission can be recovered by a real estate agent who represents both parties to the transaction, unless the party to be charged is fully aware of the dual agency

and that the agent is receiving compensation from both parties. * * *

"The evidence tending to show knowledge of the dual agency on the part of the plaintiff in error is confined to the testimony of the agent. The dual agency being admitted, the burden of showing knowledge rested squarely upon the defendant in error."

Not only did the plaintiffs below, in the instant case, fail to show knowledge and assent of Mrs. Carter to the dual agency, but the evidence offered by Mrs. Carter is directly to the effect that she did not know of the dual agency. No evidence was offered to refute her testimony on this point.

At the close of the plaintiffs' evidence and at the close of all the evidence, the defendant below, Mrs. Carter, moved for verdict and judgment, which the court refused. This was error. The court should have granted the motion. There was no evidence tending to show that Mrs. Carter knew of the dual agency or had assented to any double employment. The burden being on the plaintiffs to show knowledge and acquiescence on the part of Mrs. Carter to the double employment, and there being no evidence tending to show any such knowledge or assent, the judgment will be reversed and judgment will be entered here in favor of the plaintiff in error.

ROSS, J, concurs.