REEF ET AL., APPELLEES, *v.* NAGLE ET AL., APPELLANTS.

(No. 4203—Decided February 1, 1949.)

*Mr. W. B. Cockrell,* for appellees.
*Mr. Daniel E. Bevis,* for appellants.

WISEMAN, P. J. This is an appeal on questions of law from the Municipal Court of Columbus, which rendered a judgment for the plaintiffs in an action to recover a real estate brokerage commission.

The defendants, appellants here, assign as error: That the court excluded evidence offered by defendants; that the court admitted evidence over objection of the defendants; that the finding of the court is not sustained by sufficient evidence, is contrary to law, and is against the manifest weight of the evidence.

Plaintiffs, in their petition, allege that defendants listed their property for sale with plaintiffs as agent; that pursuant to such listing, plaintiffs showed the premises to Oreweiler and Hubble, who purchased the property from defendants, and that by reason thereof, the defendants owe the plaintiffs the regular commission on the sale price. The defendants in their answer admit that Oreweiler and Hubble purchased the property, and deny each and every other allegation in plaintiffs' petition.

The agency contract on which plaintiffs base their right of recovery was verbal, the terms of which are much in doubt. The evidence when construed most favorably to the plaintiffs, supports the plaintiffs' contention that one Chivers, agent for Central Realty Company, in a conversation with J. Clinton Nagle, the

owner of the property, secured his permission to advertise the property for sale. Chivers testified that Nagle gave him an exclusive listing for thirty days. No other terms were agreed upon. The Central Realty Company advertised the property in a Columbus newspaper. Observing the newspaper advertisement, an agent of the Wm. P. Zinn Company, one James Arnold, a few days thereafter showed the property to Oreweiler and Hubble. Arnold testified that he did so with the knowledge and consent of Central Realty Company and that the two brokerage firms were acting in co-operation in securing a purchaser. Arnold priced the property at $12,500 which the purchasers were not willing to pay. One of the occupants of the property stated to Oreweiler and Hubble that the property could be purchased for $12,000. At this point Arnold, Oreweiler and Hubble entered into a conversation respecting the payment to Arnold of a certain sum of money for his services. The evidence clearly shows that Arnold had been trying for several weeks to find a property for Oreweiler and Hubble. It was then agreed that Oreweiler and Hubble would pay Arnold for his services. There is evidence supporting the conclusion that the amount agreed upon was $200. Arnold thereupon withdrew, and the occupants of the property took Oreweiler and Hubble to the Nagles where the sale was made for $12,000. Shortly after the sale was made, Nagle learned that Arnold had taken the two purchasers to the property. Nagle stated to the purchasers that he would not go through with the sale at $12,000 if he had to pay a commission. The purchasers stated they had agreed to pay for the services of Arnold. Nagle requested the purchasers to sign a written statement to that effect, which they executed and which was introduced into the evidence as plaintiffs' exhibit A, which is as follows:

"We, the undersigned hereby agree, in the transfer of property at 1557-9 Doten avenue to us this day, to pay to James Arnold for his services rendered to us in the purchasing of this property."

The defendants claim this statement was erroneously admitted. While it is true that this statement has little or no probative value in support of plaintiffs' claim, it is not prejudicial to defendants. In fact, it is evidence supporting the claim of defendants that Arnold was acting as the agent of Oreweiler and Hubble.

The defendants attempted to show a course of dealing between Chivers and Nagle to which the court sustained an objection. Since no proffer was made of the evidence, this assignment of error is not well made.

Before the plaintiffs have a right to recover they must show by a preponderance of the evidence that the defendants entered into a contract of employment, the terms thereof, and that under such contract they are entitled to a commission. The terms of the contract of employment are so meager and so indefinite that counsel for plaintiffs in presenting this case was prompted to make the statement that the plaintiffs were required to rely on *quantum meruit*.

Two obstacles to a recovery by plaintiffs are presented: First, plaintiffs did not consummate the sale. In such a situation the plaintiffs would be required to show that their efforts were the procuring cause of the sale. In order to make out a case plaintiffs must rely on the services and efforts of Arnold. However, the evidence shows that Arnold was guilty of attempting to serve two masters. Section 6373-42, General Code. When a dual agency is shown, there can be no recovery, in the absence of evidence that the parties had knowledge of the dual agency and consented thereto. 6 Ohio Jurisprudence, 206, Section 35;

*Capener* v. *Hogan,* 40 Ohio St., 203; *Bell* v. *McConnell,* 37 Ohio St., 396; *Carter* v. *Leminger,* 49 Ohio App., 503; *Lass* v. *Meinhart,* 15 Ohio Law Abs., 272. No evidence was presented to establish knowledge and consent. True, the evidence shows that Arnold realizing that he had committed an error, notified the parties, but it was too late. The sale had been made, and the validity of the agency relationship had been impaired. Second, assuming, without conceding, that the efforts of the plaintiffs were the procuring cause of the sale, there is no evidence in the case from which the court could evaluate the services rendered. In the petition the plaintiffs failed to allege any promise of defendants to pay a commission of any amount. Moreover, no evidence was presented on the question as to the amount agreed upon as the reasonable value of the services. In the absence of evidence on this issue there cannot be a recovery.

We find that the judgment of the trial court is not sustained by sufficient evidence, is contrary to law and is against the manifest weight of the evidence.

*Judgment reversed.*

MILLER and HORNBECK, JJ., concur.