HUGHES, d. b. a. A. R. HUGHES REALTY AND INSURANCE, Plaintiff, v. ROBBINS et, Defendants.

HUGHES, d. b. a. A. R. HUGHES REALTY AND INSURANCE, Plaintiff, v. HOOD et, Defendants.

Common Pleas Court, Butler County.

Nos. 77324, 77325.    Decided October 19, 1959.

Frank A. Schwab, for plaintiff.
James H. Dolan, for defendants Robbins.
Roby Houser, for defendants Hood.

## OPINION

By CRAMER, J.

These two causes were tried together and submitted to the Court without the intervention of a jury.

In each of said actions the plaintiff seeks to recover from the defendants a certain sum as commission for the sale of real estate owned by each of said defendants.

The defendants in each of these causes duly executed and delivered to plaintiff, through his salesmen, listings, wherein they agreed to employ plaintiff to sell their respective properties. One of plaintiff's salesmen secured a listing from the defendants Mr. and Mrs. Robbins, and another of his salesmen secured the listing from the defendants, Mr. and Mrs. Hood.

As a result of the efforts of these two salesmen a contract was made between the Hoods and Robbins wherein they agreed to exchange their respective properties, which proprties had been, as aforesaid, duly listed with plaintiff. The exchange of said real estate and payment of additional cash consideration provided in said agreement, were never consummated due to a claimed misunderstanding on the part of defendants as to the terms relating to the amount of consideration to be paid over their respective equities.

During the trial of these causes and during the presentation of plaintiff's evidence, it appeared (no issue was raised by the pleadings) that plaintiff's two salesmen, namely, William A. Fox and Kenneth Overbey, had secured the separate listings of the properties of the defendants and they had been successful in bringing the two sets of defendants together and securing the contract.

At the close of plaintiff's cases, motions were made by the defend-

ants in both causes for findings and judgment in their favor on the ground that plaintiff had engaged in executing a double agency with these defendants without disclosing such double agency to the defendants and without securing their consent to such double employment.

Such motions are now before the Court for disposition.

·Counsel for plaintiff concedes the law to be as claimed by counsel for the defendants, namely, that no commission can be recovered by a real estate agent who represents both parties to the transaction, unless the party to be charged is fully aware of the dual agency, and that the agent is recovering a commission from both parties.

However, it is his claim, among other things, that the pleadings here did not raise this issue of dual agency, and that therefore the same is not in issue here.

It is further claimed that the evidence indicates that the defendants did know of the dual agency. This is true, the evidence shows, as to the defendants Mr. and Mrs. Hood. Mr. Hood testified that he knew the plaintiff had both his and the Robbins property for sale and that the respective salesmen were both employed by plaintiff. The defendant Cecil Robbins, when called for cross examination, stated emphatically that he had no such knowledge.

In this connection it might be pointed out that his wife, who is a party defendant, was not present when it was claimed certain statements were made and things done which would indicate to Mr. Robbins the existence of a dual agency. Thus, no claim whatsoever could be made that Mrs. Robbins was even subjected to any circumstances which might give rise to the inference of such double agency.

It is further asserted that it is quite clear the parties, even in the absence of knowledge on the part of all as to such dual agency, were not damaged by reason thereof. It is further claimed that no unfairness, double dealing, or fraud were employed in the transactions, nor any unreasonableness in the contract negotiated. It is true that no evidence of such dealings appears in this case. However, such, under the authorities, is not an issue since the law seems to be clear that fairness is immaterial if a dual agency is found to exist. The question usually is whether the agent acting in such dual capacity thereby places himself in a position where he is tempted not to render the full quantum of service contracted for.

In this connection it should be pointed out that it is claimed, as hereinbefore indicated, that the exchange of these properties was not finally consummated by reason of an asserted misunderstanding as to the terms· of the contract or the meaning of the language employed. This is significant since it also appears that the plaintiff's salesmen did a considerable amount of the negotiations leading up to the final execution of the contract of sales of the respective properties and the changing of the terms of such contract.

While it is true that this issue of dual agency was not raised by the pleadings, it not only appeared from plaintiff's evidence, but plaintiff admits such dual employment. Such pleadings are not necessary where the double agency is disclosed in the plaintiff's own evidence. The situa-

tion which arises under such circumstances is comparable to the issue of contributory negligence.

See **Colley v. Sampson et al, 5 Abs 511.**

Here, since plaintiff's evidence shows dual agency, the burden of proof is cast upon him to show that he made full disclosure thereof to all the defendants herein.

Our own Court of Appeals, in the case of **Lass v. Meinhart, 15 Abs 272,** has stated that the evidence indicating knowledge of, consent to, and acquiescence in such double employment should be clear and convincing.

We have carefully reviewed the evidence submitted by plaintiff, particularly the testimony of his two salesmen involved in this transaction, including their testimony given after the plaintiff had closed his case and was permitted to reopen the same for such testimony.

The Court of Appeals in the Lass case supra stated that where dual agency was admitted, as here, the burden of showing knowledge of consent to and acquiescene in such double employment rested squarely upon the broker,—here, the plaintiff.

We find that all of such evidence as was submitted is not sufficient to justify a finding that the defendants Mr. and Mrs. Robbins, knew of, consented to, or acquiesced in the dual agency.

We find that plaintiff failed to sustain that burden by a preponderance, and certainly not by clear and convincing evidence.

It should be further observed that even if the defendants Hood were aware of this dual agency, and the defendants Robbins were not so aware, still the broker cannot recover from either of the defendants, his principals—the rule being that the broker cannot recover from either of his principals unless both, with knowledge of, consented to and acquiesced in such double employment.

The courts have rather uniformly held that the undisclosed existence of a dual agency amounts to a fraud upon the party to be charged.

We therefore conclude that plaintiff cannot recover against any of these defendants for the reasons stated and that their motions for findings in their favor should be sustained.

The rule which precludes plaintiff's recovery in this case by reason of his acting for all parties here without making full disclosure to all of them of his double agency needs no argument to justify its merit. An agent cannot fully and ethically fulfill his duties to both employers. It has been well written that "no servant can serve two masters, for either he will hate the one and love the other, or else he will hold to the one and despise the other."

The fact that no actual damage resulted from the conduct of the broker here cannot prevent the application of this general rule, which is intended not as a remedy for the actual wrong but preventive of the possibility of it.

Entries may be prepared in accordance with this opinion.