WILLIAM F. PAGEL v. EDWIN K. CREASY ET AL.

1. **Judge Having Final Hearing in Common Pleas in County with Two or More Judges may Correct Errors of Law Previously Made.**

    In counties in which the common pleas court is composed of two or more judges, a ruling by any one of the judges on an interlocutory matter is the ruling of the court, and the judge who has the case on final hearing is at liberty to correct errors of law previously made, whether made by himself or by another judge.

2. **Contract with Sales Agent to Sell Designated Product at Fixed Price Delivery to be Delayed, Each to Share Equally in Profits and Losses Occasioned thereby Against Public Policy.**

    A contract entered into by a sales agent of a sugar refining company, whereby he was to sell to the parties of the other part one thousand barrels of sugar at the then market price, the sugar to be resold by said parties upon delivery, which was

to be delayed as long as possible, and the profits or losses from the purchase and sale to be then equally divided between the sales agent and the parties of the other part, is void as against public policy, and demurrer lies against an action by the sales agent to recover the share claimed by him of said profits.

**3. Partner's Contract to Share in Profits of Firm Business without Assent of Other Partner not Enforcible.**

A contract entered into by P with one of two partners in business, whereby without the assent of the other partner, P was to be permitted to share in the profits of the said partnership, is not enforcible.

ERROR.

*Sherman T. McPherson*, for plaintiff in error.

*Mackoy & Mackoy*, for defendants in error.

## GORMAN, J.

The plaintiff in error brought an action to recover from defendant in error the sum of $822.62, with interest from November 1, 1913, being the amount of one-half the profits which the plaintiff claimed resulted to the defendants upon the purchase and sale of one thousand barrels of sugar.

In his petition the plaintiff claimed that he entered into a contract with the defendants whereby he sold to them one thousand barrels of sugar from the Warner Sugar Refining Company, at the then market price of $4.20 a hundred pounds, New York basis, the delivery of the sugar to be held off as long as possible, and that the defendants agreed with him to sell the sugar bought as aforesaid, and that the profits or losses derived from the purchase and sale of said sugar as aforesaid should be equally divided between said defendants and the plaintiff, William F. Pagel. He further says that in pursuance of the agreement there was shipped to said defendants one thousand barrels of sugar at various times during the summer of 1913, and that said sugar was sold by the defendants at a total profit of $1,645.24, one-half of which, $822.62, he claims under the contract belonging to him.

Defendant by answer set up that the plaintiff, Pagel, was the selling agent of the Warner Sugar Refining Company at the time the sale of the thousand barrels of sugar was made to them; that they did buy from the Warner Sugar Refining Com-.

Pagel v. Creasy.

pany through the plaintiff a thousand barrels of sugar at the then market price of $4.20 per hundred pounds, deliveries to be delayed as long as possible; that said sugar was sold to them in the usual course of business. The defendants deny that the profits on the said thousand barrels of sugar was $1,-645.24. And further answering the defendants state that if they entered into an agreement on May 2, 1913, with the plaintiff for the purchase by plaintiff and defendants of the said thousand barrels of sugar from said Warner Sugar Refining Company, or agreed or had agreed on or about that date with the plaintiff that the defendants should sell the said sugar so purchased from the said company and that the profits and losses derived from the sale thereof should be equally divided between the plaintiff and defendants as set forth in the petition, said agreement and each and every part thereof was and would have been contrary to public policy, illegal, void and of no binding force or effect, because on said date and for some time previous thereto and thereafter plaintiff was a sales agent in the city of Cincinnati and state of Ohio for said Warner Sugar Refining Company, selling sugar for his said principal on a commission basis for each barrel sold; and representing himself to be the sales agent of the said company, and the defendants believing him to be such, plaintiff had solicited an order for and on behalf of said principal for said sugar and defendants bought the said sugar from the said company through the plaintiff acting as its said sales agent, but said purchase was made solely for the account of defendants, and plaintiff had no interest whatever therein as purchaser or otherwise with defendants, but that plaintiff as said sales agent was paid and received the usual commission from his said principal, the Warner Sugar Refining Company; that plaintiff was not authorized, empowered or permitted to become a purchaser in whole or in part of said sugar, and if said plaintiff had acquired or had any interest in the purchase or sale of said sugar except as sales agent of the Warner Sugar Refining Company it was without the knowledge or consent of his principal or these defendants. Defendants therefore asked to be dismissed with their costs.

A demurrer was filed to the second defense, which set up the agency of the plaintiff and that he was not authorized to acquire an interest in the purchase of said sugar. This demurrer coming on to be heard was sustained by one of the judges of the common pleas court, upon the theory that there was no double agency in the case.

Thereafter an amended answer was filed in substance setting up the same defense.

When the case was called for trial plaintiff obtained leave to file an amended petition, setting out practically the same state of facts as in the petition, but alleging that the agreement as to profits was as follows:

Plaintiff alleged ''that the said defendants, Edwin K. Creasy and Llewellyn V. Creasy, and plaintiff should divide equally the profits to be made by the advance in the price of sugar in the market, or if the same declined the losses should be divided equally between them, the gain or loss to be based on the price of said sugar on the date of delivery of the same to the said defendants.''

This part of the amended petition differed from the petition in that in the petition it was claimed that the plaintiff and the defendants were to divide the losses or profits which might result from the resale of the sugar without reference to the market price.

A second amended answer was filed to this amended petition, which in substance set up the facts set out in the original answer.

It appears from the statements of counsel that when this case was called for trial, the trial judge was of the opinion that the demurrer filed to the second defense of the answer should have been overruled, and after a conference with the judge who sustained the demurrer the trial court overruled the demurrer. The record fails to show that any demurrer was filed to the second amended answer or to the amended answer, and the record also fails to disclose that an entry was made on the day that it is claimed that the demurrer was overruled by the trial court.

The cause was heard on March 25, 1915, and upon that day it is claimed that the trial judge overruled plaintiff's demurrer to the second defense of the answer. Long after the case was

Pagel v. Creasy.

heard and the verdict and judgment rendered in favor of the defendants, to-wit, on May 11, 1915, an entry appears upon the journal setting forth that the demurrer of the plaintiff to the second defense of defendant's amended answer was argued and overruled, to which ruling of the court the plaintiff by his counsel excepted. The minutes state, 619, "Entry *nunc pro tunc*," but the record fails to show on what day this entry should have been made. It was made on May 11, but as "*nunc pro tunc*" and there is an absence in the record of the date when the ruling was really made by the court.

· The plaintiff in error complains that the trial judge should not have overruled the demurrer to the amended petition, but should have abided by the ruling of the former judge who sustained the demurrer to the second defense of the answer.

We are of the opinion that the plaintiff in error was not prejudiced by the ruling of the trial judge in this matter. When it is considered that the court of common pleas of Hamilton county is one court, notwithstanding the different individuals who sit upon the bench of that court, and when it is further considered that it is not material what particular judge rules upon an interlocutory matter, it is a ruling of the common pleas court, we are of the opinion that the individual judge who tries a case has a right at the time the final judgment is rendered to correct any errors of law that may have been made in any interlocutory orders or rulings, whether they have been made by himself or by any other judge of the common pleas court.

The right so to rule seems to have been established in several cases heard in the common pleas court, affirmed by the circuit court and by the Supreme Court.

The main question however, is whether or not the plaintiff had a right to recover under the facts shown in this case. He was an agent of the Warner Sugar Refining Company. The evidence shows that he was the sole selling agent in Cincinnati for that company; that no other broker or agent could place an order with the Warner Sugar Refining Company for the sale of any sugar in the Cincinnati territory except the plaintiff. The evidence further discloses that his principal, the Warner Sugar

Refining Company, had no knowledge of the alleged agreement made by the plaintiff with the defendants to divide the profits and losses arising from the purchase and sale of the thousand barrels of sugar. The record further discloses that the plaintiff received his regular commission from his principal for the sale of the thousand barrels of sugar to the defendants.

We think the law is well settled in the state that an agent employed to sell, can not purchase for himself either directly or indirectly, nor can he have any interest in the subject-matter of the sale without his principal's consent. The law does not suffer one who is an agent of a vendor to have any interest in a contract of sale, or to earn any profit thereby outside of his regular compensation, unless it is done with the knowledge and consent of both principals. This rule of law we think is clearly stated in the case of *Bell* v. *McConnell*, 37 Ohio St. 396 [41 Am. Rep. 528]; and *Peckham Iron Co.* v. *Harper*, 41 Ohio St. 100.

Mr. Pagel was a sales agent in Cincinnati of the Warner Sugar Refining Company. Whether he was, or whether he was not, he was a broker and undertook to sell the sugar of the Warner Sugar Refining Company. He could not enter into any engagements which would subject him to a temptation to fail to serve his principal to his utmost capacity.

In the case above cited, *Bell* v. *McConnell*, the court, among other things, said:

"This case presents the single question. Can a real estate broker, who assumed to aid both contracting parties in making an exchange of real estate, recover compensation for his services from either, upon an express promise to pay, in a case where each principal had full knowledge of and assented to the double employment?"

The court proceeds to say:

"It has been decided (*Rupp* v. *Sampson*, 16 Gray 398, and *Siegel* v. *Gould*, 7 Lans. 177), and is not doubted, that such broker may recover from both or either where his employment was merely to bring the parties together; and it is equally clear, both upon principle and authority, that in case of such double employment he can recover from neither, where his employment by either is concealed from or not assented to by the other. Sev-

### Pagel v. Creasy.

eral reasons may be given for this rule. In law, as in morals, it may be stated that, as a principle, no servant can serve two masters, for either he will hate the one and love the other, or else he will hold to the one and despise the other. Luke 16, 13. Unless the principal contracts for less, the agent is bound to serve him with all his skill, judgment and discretion,'' etc.

Indeed, it may be stated that the rule does not depend upon whether or not the principal is injured by the conduct of the agent. The wholesome rule is that the agent shall not put himself in a position where he may be tempted to betray his principal or to serve himself at the expense of his principal.

In *Peckham Iron Co.* v. *Harper, supra,* the court on page 108 says:

''It is a fundamental rule that an agent employed to sell can not be a purchaser, unless he is known to his principal to be such; nor is the rule inapplicable or relaxed when the employment is to sell at a fixed price. *Ruckman* v. *Bergholz,* 37 N. J. L. 437. The law will not suffer one to earn a profit, or expose him to the temptation of a dereliction of his duty, by allowing him to act, at the same time, in the double capacity of agent and purchaser. *Church* v. *Insurance Co.* 1 Mason 341.

Many authorities might be cited to support the rule above laid down. Suffice it to say that Pagel was a sales agent of the Warner Sugar Refining Company, and as such it was his duty to serve his principal alone, and he could not enter into a contract with the defendants or other proposed purchaser whereby he, Pagel, would make a profit upon the sale or resale of the sugar, without a full and fair disclosure to his principal, the Warner Sugar Refining Company. The law does not aid either of the parties who enter into such a contract as this. It leaves them where it finds them. Neither the plaintiff nor the defendants could enforce such a contract as is claimed by the plaintiff to have been entered into in this case. The law is not partial in favor of the defendants who refuse to pay after the profits are made, but, as has been stated, on the grounds of public policy the law refuses to give assistance to either of the parties who make a contract which is utterly void on the grounds of public policy.

Hamilton County Appeals.

In this view of the case it is immaterial whether the trial court reversed the judgment which had been passed upon the demurrer prior to the trial, or not; the sole question is whether or not the demurrer to the second defense of the answer should have been sustained or overruled, and we are clearly of the opinion that the demurrer should have been overruled.

Furthermore, it appears in this case that plaintiff's contract was made with one of the defendants, who were partners, whereby he claims to have made an agreement under which he was to share in the profits of the business of the defendants. There is no evidence that the other partner consented to this agreement, and surely a partnership even for a single transaction could not be entered into between the plaintiff and one of the defendants without the consent of the partner of the defendant who made the agreement.

Without considering the other questions involved in the case, we think that, for the reasons stated, the judgment of the trial court in instructing the jury to return a verdict in favor of the defendants was correct, and the judgment will be affirmed.

**Jones, E. H.** and **Jones, O. B., JJ.,** concur.