No. 561

STATE ex. PEPPLE v. HANCOCK COUNTY

(Bd. of Comm.)

Ohio Appeals, 3rd Dist., Hancock Co.

No. 228.  Decided May 10, 1927.

(Before Judges Crow, Hughes and Justice)

516.  FEES — Mandamus — Pleadings—Demurrer to amended petition sustained where relator seeks writ of mandamus commanding commissioners to pay fee bills in case of felonies wherein state has failed, said relator failing to allege the amount allowed to him under 3019 GC., in felonies wherein the state fails.

**First Publication of this Opinion**

JUSTICE, J.

In this original action in mandamus, the relator prays that a writ of mandamus issue, commanding the respondents, as commissioners and auditor of Hancock County to allow and provide for payment of certain fee bills. Respondents demurred to the amended petition on the ground that it did not state facts sufficient to constitute a cause of action. The Court of Appeals held:—

1. In disposing of the demurrer, it is not necessary to interpret the sense in which the word "fails" in 3019 GC. is used by the legislature.

2. Certain essential facts necessary to state a cause of action were lacking in the petition first filed (to which a demurrer was sustained) and among the facts so lacking was an allegation that relator had not received, during 1925 and 1926, the allowance authorized by 3019 GC.

3. Section 3019 GC. provides, so far as is applicable here: "In felonies wherein the State fails—the county commissioners, at the first meeting in January, shall make an allowance to Justices of the peace and constables, in place of fees, but in no year shall the aggregate allowance to such officer exceed the fees legally taxed to him in such causes, nor in any calendar year, shall the aggregate amount allowed such officer and his successor, if any, exceed one hundred dollars."

4. In the amended petition, the relator does not aver the amount allowed to him during 1925 and 1926 in felonies wherein the state fails.

5. All that he could legally receive in such cases in any calendar year is $100.  From all that can be gleaned from the amended petition, he may have received $100 for 1925 and also $100 for 1926.  If so, he would not be entitled to an allowance for the non-support cases mentioned in his amended petition.

6. Before a peremptory writ of mandamus will be granted, the party seeking it must first show a clean legal right to the relief sought. State v. Smith, 71 OS. 13.

Demurrer to amended petition sustained.

Attorneys—George H. Phelps for State ex; John E. Priddy for Board; all of Findlay.

---

No. 562

COLLEY v. SAMPSON, et.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1497.  Decided Feb. 18, 1927.

54.  AGENCY—997.  Real Estate—In an action to collect a real estate commission, where plaintiff's evidence shows a double agency, it is incumbent upon plaintiff to prove that double agency was fully disclosed to defendants and that both parties to contract consented to and approved double agency.

923.  PLEADINGS — 396.  Directed Verdicts—Court may direct for defendant where evidence shows double agency contract with failure of notice, even though double agency issue is not raised in pleadings.

**First Publication of this Opinion**

ALLREAD, J.

This was an action to collect a commission for the sale of real estate.  The evidence shows that plaintiff was acting for both parties.  The Common Pleas Court directed a verdict in favor of the defendant on the ground that it was incumbent upon the plaintiff to prove that such double agency was fully disclosed to the defendants and that both parties to the contract consented to and approved the double agency contract.  The Court of Appeals affirmed the Common Pleas and held as follows:

1. "The double agency of a real estate broker who assumes to act for both parties to an exchange of land, involves, prima facie, inconsistent duties; and he cannot recover compensation from either party, even upon an express promise, until it is clearly shown that each principal had full notice of all the circumstances connected with his employment by the other, and had assented to the double employment." Bell v. McConnell, 37 OS. 306.

2. It was urged that no issue as to the validity of the double agency contract was tendered in the pleadings but we think such pleadings were not necessary where the double agency was disclosed in the plaintiff's own evidence.  The case would be similar to the issue of contributory negligence. Glass v. Heffron Co., 86 OS. 70, Coal Co. v. McFadden, 90 OS. 183.

Judgment affirmed.

(Ferneding and Kunkle, JJ., concur).

Attorneys—Arnold, Wright & Harlor for Colley, McLeskey & Grabeil for Sampson, et; all of Columbus.