## SHEAR v HARTMAN

Ohio Appeals, 1st Dist, Hamilton Co
No 3502. Decided Nov 4, 1929

Joseph L. Meyer, Cincinnati, and Ben Schwartz, for Shear.

Albert L. Weinstein and Kenneth Mooter, both of Cincinnati, for Hartman.

the original contract.

It is claimed that the original contract was valueless to the plaintiff in error because of misrepresentations of the agent. It is however, undisputed in evidence that the plaintiff in error did accept the tire shop, which was a partial consideration in the trade of her real estate, and it was for the trial court to determine whether or not the contract of trade was void, and constituted a failure of consideration for the commission of the broker.

Moreover, while the evidence is in conflict as to whether or not plaintiff in error knew of the claimed misrepresentations and double agency at the time she signed the contract and note, it is certain that she knew all the facts at the time she issued the check sued upon, and took up the note before maturity. Her conduct was, therefore, inconsistent with a claim of misrepresentation, or want of knowledge of a double agency. She knew as much when she gave the check as she did when she stopped payment.

There being evidence sufficient to support the judgment of the municipal court the judgment fo the court of common pleas, affirming the judgment of the municipal court, is affirmed.

Cushing, PJ., and Hamilton, J., concur.

A broker is not permitted to accept compensation from both parties to a transaction, without their knowledge, and, if he attempts to do so, he cannot collect from either.  There is evidence in this case indicating that the parties to the trade were ignorant of the double employment of the broker, but there is also evidence that the parties to the trade knew of such double employment.  In such case, it is a question for the trier of the facts, and this court cannot substitute its judgment for that of the trial court, sitting as a jury.

It is claimed that the trade had been cancelled, but it is not denied the contract for the sale of the property of the plaintiff in error had been signed by the purchaser. Under such circumstances, the agent instrumental in the execution of such contract is entitled to his commission, regardless of the fact that thereafter the transaction may be annulled by the parties to