### COZINE v GOODMAN

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5652. Decided Nov. 20, 1939.

704

Stanley A. Silversteen, Cincinnati, for appellant.

Chester S. Durr, Cincinnati, for appellees.

## OPINION

By HAMILTON, PJ.

This law suit originated in the Municipal Court of Cincinnati, and grows out of a contract for the exchange of real estate. The suit is for a broker's commission, which plaintiff claims for his services in negotiating the deal. He acted as agent for both parties.

The defense was that the defendant did not have knowledge of, nor did they consent to the double agency.

The trial court found for the defendant, which judgment was affirmed by the Court of Common Pleas.

The law is as pronounced in the case of **Bell v McConnell, 37 Oh St 396:**

"The double agency of a real estate broker, who assumes to act for both parties to an exchange of lands, involves, prima facie, inconsistent duties; and he cannot recover compensation from either party, even upon an express promise, until it is clearly shown that each principal had full knowledge of all the circumstances connected with his employment by the other which would naturally affect his action, and had assented to the double employment. But when such knowledge and consent are shown, he may recover from either party."

Plaintiff sought to show by circumstances in connection with the execution of the contract and the negotiations that defendant knew and assented to the double agency. The defendant categorically denied knowledge or consent and gave evidence to that effect.

Thus, was presented a dispute of facts which the trier thereof was required to decide. The credibility of the witnesses was a matter for the trial court. If it believed the defendant and her witnesses, it could decide the case in her favor, as it did.

Enough has been said to show that this court cannot disturb the judgment on the weight of the evidence.

There was no evidence tending to show knowledge or consent to the double agency on the part of Jerry A. Goodman, the husband of plaintiff, and he was properly dismissed from the case.

We find no prejudicial error in the record, and the judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court, is affirmed.

MATTHEWS & ROSS, JJ, concur.