MECKLENBORG, et, Plaintiffs-Appellants, v. NIEHAUS, et, Defendants-Appellees.

Ohio Appeals, First District, Hamilton County.

No. 7026. Decided December 20, 1948.

Cowell & Fletcher, Richard B. Baker, Cincinnati, for plaintiffs-appellants.

Nieberding & Nieberding, Cincinnati, for defendants-appellees.

## OPINION

By MATTHEWS, PJ.:

This is an appeal from a judgment rendered for the defendants in an action in which the plaintiff sought to recover a commission on the sale of real estate owned by defendants. The judgment was rendered on a general verdict for the defendants.

There was no dispute that on June 18th, 1947, the defendants employed Al Koch, one of the plaintiffs, as their exclusive agent to sell their real estate for $16,300.00, and agreed to pay him a commission of 5% on the amount for which the property might be sold if he procured a purchaser, excepting, however, from the generality of the exclusive agency given to Koch a reservation to themselves of the right to sell the property at any time during the "length of the contract."

On the same day that the contract was made with Koch the defendants arranged to have an advertisement inserted in the Cincinnati Enquirer the following Sunday of their desire to sell the property.

Within less than a week thereafter the plaintiff Mecklenborg telephoned the defendants and within a week appeared at the defendant's home with his two nephews to inspect the

property. As a result of that and later inspections and negotiations with the defendants the nephews bought the property for $15,000.00. The contract of sale was effected and dated July 1st, 1947.

It was admitted that Mecklenborg was a licensed real estate broker at the time, but his action is based on the assertion that at the time he was acting for and on behalf of Koch to whom the authority to sell had been given. It is not claimed that he had any right to a commission as an independent broker by reason of any express or implied agreement with the defendants.

Mecklenborg testified that he told the defendants at the time that he had obtained his information from Koch that their house was for sale and that he was acting in cooperation with him.

One of the purchasers who was called as a witness by the plaintiffs testified that Mecklenborg told him that he thought the property could be bought for $15,000.00. Mecklenborg thereafter took the stand in rebuttal, but did not deny this testimony. The defendant, Robert Niehaus, had told Koch that $15,000, was the minimum net price.

The defendants testified that Mecklenborg did not say anything about Koch or anything that would lead them to think that a commission was expected and that they supposed his interest in his nephews who were the purchasers was the reason he was there and that they supposed he had learned from their notice in the newspaper of the preceding Sunday that their property was for sale.

Many circumstances appear in the evidence corroborating these divergent histories of the transaction.

In view of this situation presented by the evidence, the trial judge reached the conclusion that the liability of the defendants turned on whether Mecklenborg was acting for and on behalf of Koch at the time to their knowledge. Accordingly, in both special charges and the general charge, the court set forth this test of liability. In the general charge it is stated:

"Have the plaintiffs proved by a preponderance of the evidence that Mr. Mecklenborg was known to the defendants, or either of them, as the sub-agent or associate of Al Koch with whom they had a contract, and was so acting at the time when he accompanied the Schutte boys to view the defendant's property, and before the sale to the Schuttes was closed."

The plaintiffs presented the contrasting view in special charges which the Court refused to give.

The duty of an agent to make full disclosure to his principal of all material facts relevant to his agency is fundamental to the fiduciary relation of principal and agent. It is so formulated in Section 381 of Restatement of Law (Agency) as follows:

"Unless, otherwise agreed, an agent is subject to a duty to use reasonable efforts to give his principal information relevant to affairs entrusted to him which, as the agent has notice, the principal would desire to have and which can be communicated without violating a superior duty to a third person."

This same duty is stated in 2 Am. Jur., 217, thus:

"In the exercise of good faith and diligence, it is the duty of the agent to use reasonable efforts to keep his principal informed of all facts which may come to the agent's knowledge concerning the matters that have been entrusted to him which affect the principal's business, his rights, or his interests, or which he would desire to know, and which can be communicated without violating a superior duty owing to a third person."

Of course, whether the failure to disclose will result in a cause of action or defense will depend on whether the principal has been damaged by the non-disclosure. In the case at bar there can be no question on this point. Koch was authorized in writing to sell for $16,300.00. The only deviation from this price was disclosed by the uncontradicted testimony of Robert Niehaus, defendant, that he told Koch that "the very lowest I would take would be $15,000.00 net", and he explained that he meant net to him.

It is in the light of this testimony and the fact that the plaintiff Mecklenborg was present charged with knowledge that the defendants were agreeing to sell at a price that they had told Koch was their minimum net price, that this case must be determined.

There is no doubt about the general rule that a real estate broker is entitled to a commission on a sale to a buyer procured by him even though the owner sells at a price lower than that listed with the broker, regardless of whether the owner knows at the time that the broker had interested the buyer in the property and was the procuring cause, although

this general rule is not universally followed. The facts of the Ohio cases relied on by the appellant called for the application of that general rule. But there have appeared in the cases, even in those jurisdictions following the general rule, a variety of circumstances that prevent the application of the general rule. The cases on the subject are collected in an elaborate annotation to the case of Lasoya Oil Company v. Jarvis, 142 A. L. R., 270, (—— Okla. ——, 127 P. (2d.) 142). The first two paragraphs of the syllabus of that case are:

"Where an owner of property has promised a broker a commission to consummate a sale of the property he should ordinarily * * * know that the appearance of (a) customer may have been caused by the broker, and in order to avoid liability for the payment of a commission, he should make inquiry of the broker, but where the broker's contract with the owner and his conduct has been such that the owner has reason to believe that he has not caused the appearance of the customer, no such inquiry need be made.

"Where the conduct of a real-estate broker has been such as to warrant the principal in assuming that the purchaser has not been procured by the broker's efforts, the principal will not be liable for the commission on a sale at a reduced price, even though the broker was in fact responsible for interesting the purchaser in the property."

We are of the opinion that the special circumstances of this case take it out of the general rule. On this review, we must assume that the jury found that Mecklenborg failed to disclose to the defendants his relation to Koch. He knew of that relation and he had no reason to believe that the defendants had any knowledge on the subject. He witnessed the defendants negotiating with the prospective purchasers to whom they finally sold the property for the price which Koch knew was the defendants' minimum net price, and as Mecklenborg was, according to his testimony standing in the relation of Koch's sub-agent he must be charged with that knowledge. Yet he said nothing to the defendants about his relation to Koch so that they would know that a commission would have to be deducted from the $15,000.00 to arrive at their net selling price.

It seems to us it presents the same situation as though Koch had appeared in a disguise and witnessed the defendants negotiating on terms indicating that they had not pierced his disguise.

It seems to the Court that the circumstances called for disclosure by the agent. He was present with full opportunity to speak, but remained silent. By remaining silent, he violated his duty to his principal. To allow a recovery in this action would be permitting the plaintiffs to take advantage of their own violation of duty.

In **Schaefer v. Winkler, 82 Oh Ap, 435,** the facts were that the broker having non-exclusive authority to sell for $29,300.00 introduced one Makstaller to the owner. Later, the owner sold the property to a third person for $28,300.00. There was evidence tending to prove that the ostensible buyer was acting for Makstaller, but there was no evidence that the owner had any knowledge of that fact at the time. We held that as the broker had not produced a purchaser willing to pay $29,300.00, and as the owner had sold at a reduced price to a buyer other than Makstaller, the broker was not entitled to a commission notwithstanding the fact that, unknown to the owner the ostensible buyer was in fact the secret agent of Makstaller. It will be observed that the secrecy here was not on the part of the broker, as in the case at bar, but consisted in the buyer concealing his identity. There are other distinguishing features, but each case does illustrate the effect of lack of knowledge of the relation of the broker to the transaction upon the liability of the buyer to pay a commission.

We are of the opinion that the trial court did not err in submitting the issue of disclosure to the jury.

Finding no error in the record, prejudicial to the appellants, the judgment is affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.