**FRED TUKE & SON, Plaintiff, v. BURKHARDT et, Defendants.**

Cincinnati Municipal Court.

No. 688589. Decided December 29, 1958.

M. Froome Barbour, for defendants.
Alan R. Vogeler, for plaintiff.

## OPINION

By BETTMAN, J.

This case presents to the Court the following question: If a real estate agent, P (plaintiff), has a contract to sell real estate for D (defendant) and, with the cooperation of agent X procures from B (buyer) an offer to purchase which is accepted by D, does the fact that X also has a contract with B to sell another parcel of real estate belonging to B, which fact is not revealed to D, place P in a position of dual agency so as to bar his recovery of the agreed commission from D?

There can be no doubt that X, the cooperating broker, acts as agent for P and that P, therefore, would be charged with any action on X's part and with the knowledge that X had a contract to sell other real estate belonging to B.

A long line of cases in Ohio, going back to the dictum in **Bell v. McConnell, 37 Oh St 396 (1881)**, establishes the principle that no commission is payable to an agent where such agent represents both parties to a transaction, unless this fact is fully disclosed to the parties. This rule has been uniformly applied in cases where the agent represents both the buyer and seller of a parcel of real estate and in cases where the agent represents both parties to an exchange of real estate.

**Capener v. Hogan, 40 Oh St 203 (1883); Cozine v. Goodman, 30 Abs 703 (1939); Carter v. Leininger, 49 Oh Ap 503, 3 O. O. 351, 18 Abs 588 (1935); Kalmowski v. Buczak, 4 Abs 298 (1926); Shear v. Hartman, 8 Abs 217 (1929); Bodamer v. Bliss, 7 Abs 643 (1929); Reef v. Nagle, 85 Oh Ap 323, 40 O. O. 213 (1949).**

The logic behind this conclusion is set out in the Bell case as follows:

"In law, as in morals, it may be stated that, as a principle, no servant can serve two masters, for either he will hate the one and love the other, or else he will hold to the one and despise the other. Luke, 16, 13. Unless the principal contracts for less, the agent is bound to serve him with all his skill, judgment and discretion. The agent cannot divide this duty and give part to another. Therefore, by engaging with the second, he forfeits his right to compensation from the one who first employed him. By the second engagement, the agent, if he does not in fact disable himself from rendering to the first employer the full quantum of service contracted for, at least tempts himself not to do so."

The sole case which has come to the attention of the Court in which the agent's contract with the buyer was for the sale of a different parcel of real estate than that for which he seeks his commission is **Lass v. Meinhart, 15 Abs 272 (1933)**. From the Appellate Court's opinion, however, this fact situation is not unambiguous. The opinion does not discuss the facts nor differentiate the situation where the agent represents both parties in the same transaction from that in which he is agent for the buyer in a different transaction. This Court, therefore, does not feel that the Lass case is binding authority upon it and will proceed to consider the matter as of first instance.

At the start the Court should state that there is no evidence of any unfairness or unreasonableness in the contract negotiated. In any

event this would not be an issue as the cases make clear that fairness is immaterial if a dual agency exists. Boiled down, the question is whether P places himself in a position where he is tempted not to render the full quantum of service contracted for.

It might be argued that by his contract with B, P places himself in a position where he might be tempted to please B rather than D, on the other hand, this would equally be true, perhaps even more true, if P did not have a contract with B and hoped to get one.

Secondly, might his contract with B tempt P to make undue haste in consumating the sale for P? It would appear that this too would be equally or more likely if P did not already have B under contract. Furthermore, it is to his client, P's interest to consumate the sale promptly.

Thirdly, it could be argued that P would be tempted to try to keep the price of D's house down so that B would have to spend less for it and, therefore need to sell his own house for less, thus facilitating the consumation of the second transaction. It appears to the Court that this is a possible argument but essentially a theoretical one.

In the real estate field the sale price is ultimately set by the seller and although he expects his agent to get him the best price obtainable, he does not rely on the agent in determining at what price the property will be sold, unless he so states. We have no evidence in this case of any such relationship. Furthermore the real estate agent's commission in this case, and in almost all ordinary real estate transactions, is a percentage of the sale price. It would consequently be in the agent's interest to conclude both transactions for the maximum price possible. In the interest of earning a contingent commission a real estate agent must be in the nature of things be tempted by a desire to consumate the transaction regardless of the price. This temptation is in no way aggravated by the relationships of the parties before us.

In considering the problem several other points should be borne in mind: First, in large real estate offices, and in situations such as we have here, where more than one office is involved, it is possible that the seller's agent would not even know that someone else in his office or in the office of the sub-agent cooperating broker had a contract with the buyer. Secondly, the most likely place for a seller's agent to find buyers for his client's property would be among people whom his office knew were selling their own property. Finally, there might well be very valid reasons why the agent would not be free to reveal to his principal that he was representing the buyer in other transactions.

In sum, therefore, the Court has concluded that any temptation not to render full service to D in the situation presented is too theoretical and remote to be considered a factor. The relationship of the parties is consequently distinguishable from that in which the agent expects compensation from both parties for the same transaction. P is, therefore, not in a position of double agency and is entitled to recover the agreed commission from D. The Court is aware of the fact that the issue before it is not whether P should be disabled from representing B as well as D, but whether he is under a legal duty to make full disclosure to D of his

relationship with B. Doubtless such disclosure would show scrupulosity on P's part and should be considered desirable practice. The Court does not, however, for the reasons set out, consider it a legal duty.

An entry giving judgment for plaintiff as prayed for may accordingly be presented.