FRED TUKE & SON, APPELLEE, *v.* BURKHARDT ET AL., APPELLANTS.

(No. 8581—Decided May 4, 1959.)

*Messrs. Kyte, Conlan, Heekin & Wulsin,* for appellee.
*Messrs. Barbour, Kimpel & Allen,* for appellants.

MATTHEWS, P. J. The Municipal Court of Cincinnati rendered judgment for the plaintiff, appellee herein, who is a real estate broker, for a commission upon a contract with the defendants, appellants herein. The appeal was prosecuted directly from the Municipal Court to this court.

The contract between the plaintiff and defendants is upon the standard form, approved by the Cincinnati Real Estate Board, and is entitled "Selling Agency Contract." By its terms, defendants authorized and employed the plaintiff as their sole agent to "procure a purchaser * * * for the described real estate for the sale price of $32,500."

The plaintiff was given the exclusive agency for three months, and was to receive a commission of five per centum upon the price for which the property was sold, and would be earned "when a binding contract for sale has been executed and/or when you have produced a purchaser, ready, able and willing to buy * * * pursuant to the terms of the agency contract." There is a further provision entitling the plaintiff to a commission upon a sale upon whatever terms the defendants might accept during the term. There was no provision authorizing the plaintiff to do other than to negotiate and produce a prospective purchaser with whom the defendants might contract. There is no evidence that plaintiff had any authority to fix the price, or that, in fact, he did fix the price. Plaintiff was no more than a middleman whose function was confined to bringing the parties together for negotiating purposes. The only price was fixed by the sellers.

Through its subagent, Wm. F. Mefford, a duly authorized real estate broker, the plaintiff procured an offer from Urma P. Lee of $29,500 for said property, which it submitted to defendants, and they accepted the offer in writing.

It developed later that the title to this real estate had been owned by two sisters, one of whom had recently died, and her estate was in the process of administration. The deceased co-owner had left surviving her a husband and one child (a

daughter) who was an adult. The husband had signed the contract, but the daughter had not.

Upon learning that the defendants could not convey a free, clear, and unencumbered title, as required by the contract, and within the time called for therein, the purchaser, Urma P. Lee, refused to proceed further, and so notified the defendants. While it is claimed that the purchaser had other reasons for refusing to proceed, nevertheless, the reason assigned was a valid and sufficient one, and must be accepted as such. At any rate, the defendants were unable to convey a title that would satisfy the terms of this contract.

The plaintiff, claiming that it had performed all the conditions entitling it to the commission for producing a purchaser who had entered into a binding contract with the defendants to purchase the real estate, demanded payment, and, upon refusal, filed this action.

As already mentioned, the plaintiff produced the purchaser through Wm. F. Mefford, as its subagent, and one defense relied on is based on his dealings with and relation to Urma P. Lee, in connection with real estate owned by her.

It appears that Mefford had known Urma P. Lee for five or six years, and, during that time, had acted as her broker in the purchase of her home and in its subsequent sale. At the time she entered into this contract to buy the defendants' property, she owned other real estate, the sale of which she discussed with Mefford at or near the time she entered into this contract with defendants, and she finally entered into a "selling agency contract" with him authorizing him to sell this property for $18,500. The fact that he had had these dealings with Urma P. Lee, and that she had authorized him to sell her property was not disclosed to the defendants, who now assert that the plaintiff is chargeable with the acts of Mefford, and that Mefford violated the rule prohibiting dual agency and requiring undivided loyalty, and, for that reason, is not entitled to recover.

The trial court held that the evidence failed to show dual agency as that relation is known to the law, and in this we concur. This subject is carefully analyzed in the opinion of the trial court and the authorities cited and quoted. We approve

the reasoning in that opinion. In the transaction in which the defendants employed the plaintiff, there was no dual agency. The plaintiff acted for no one other than the defendants, and even in that representation there was, so far as the record shows, no discretion involved. The plaintiff was no more than a middleman. It was not authorized to vary the price as stipulated in its agency contract. The sale was for a smaller amount, but the record does not show that the plaintiff had anything to do with inducing the seller to recede from the original figure.

Of course, in a case in which there was evidence of actual fraud, the fact that the agent had, or hoped to have, an employment by the purchaser would be considered along with all the other evidence in determining whether the broker had been guilty of fraud, but, in this case, the court specifically found that there was no actual fraud.

As to when the agency contract between Mefford and Mrs. Lee was entered into, the evidence is conflicting. There is substantial evidence that that contract was entered into after the plaintiff had fully performed its contract with defendants.

The trial court found on the issues in favor of the plaintiff. We do not think we would be justified in disturbing its finding.

We find no prejudicial error in the record.

The judgment of the Municipal Court of Cincinnati is affirmed.

*Judgment affirmed.*

O'CONNELL, J., concurs.