PARCHMAN & OYLER COMPANY, APPELLANT, *v.*
CRAWFORD ET AL., APPELLEES.

(No. C-790074—Decided April 2, 1980.)

*Strauss, Troy & Ruehlmann Co., L.P.A.,* and *Mr. Joseph
E. Conley, Jr.,* for appellant.

*Mr. Donald W. Bodenberg,* for appellees.

*Per Curiam.* Appellant, Parchman & Oyler Company,
brought this action in the Court of Common Pleas of Hamilton
County to recover a real estate commission. The facts as found
by the trial court are:

"1. The plaintiff is an Ohio corporation duly licensed to
sell real estate in the state of Ohio. Robert Gruber is a licensed

salesman for Parchman & Oyler and an employee of Parchman & Oyler; 2. Ralph and Joan Crawford, until April 15, 1977, were the owners of a parcel of real estate at 9192 Colerain Avenue, Cincinnati, Ohio; 3. On or about February 18, 1977, Gruber contacted the Crawfords, told them he had a buyer who was interested in buying their property at 9192 Colerain, and asked them if they would give him an exclusive listing contract; 4. On or about February 18, 1977, the Crawfords gave Gruber an exclusive seven (7) day listing contract, which called for a purchase price of $110,000 net to the sellers, and provided for a real estate commission to be paid by the Crawfords***; 5. On or about February 19, 1977, the Crawfords executed a contract to sell the Colerain Avenue property to Robert Behler, for a purchase price of $120,000; 6. Between the contract date and closing Behler contemplated a sale-leaseback arrangement with a group of investors, and asked Gruber to assemble such a group who would take title from Behler after his closing with the Crawfords and then lease it back to Behler for the operation of a used car lot; 7. On or about February 23, 1977, Gruber then approached Neil O'Connor, an accountant friend, to arrange a group of investors to carry out Behler's plan. O'Connor, in turn, insisted on Gruber's participation as an investor himself; 8. Gruber agreed to become a member of the investment group, and informed the Crawfords of his intended participation on March 29, 1977. On or about March 29, 1977, the Crawfords told Gruber that they did not want him to participate as an investor and he immediately withdrew; 9. By agreement, the commission owed the plaintiff was fixed at $7,900 if the sale closed by April 15; 10. Between March 29, 1977, and the closing, April 15, 1977, Gruber and the Crawfords exchanged letters, he insisting that he should be paid his commission at closing, they insisting that they would not pay. Further, the Crawfords insisted they would close only if no commission was paid; 11. On April 15 the transaction closed; 12. Title passed directly to Behler, who then conveyed the property to the investors, a limited partnership called Colerain Investment Properties; 13. All proceeds of the sale to Behler went directly to the Crawfords, and none was paid to plaintiff for commission; and 14. At the time of the closing the Crawfords had knowledge of

Gruber's relationship with Behler and his proposed participation as an investor in Colerain Investment Properties."

Additional uncontradicted facts which appear from the transcript are that Gruber did not ask the Crawfords, the appellees, if he could be their agent to *find* a buyer. He simply told them "he had a buyer if the price was right" and the Crawfords set the price in the listing contract. After the Crawfords advised Gruber that they did not think he should be an investor in the group being assembled to purchase the property from Behler and lease it back to him, Gruber immediately withdrew and was not a member of Colerain Investment Properties which purchased the property from Behler after the sale from the Crawfords to Behler was consummated.

Based on these facts the court concluded as a matter of law that:

"1. Robert Gruber acted as an agent of both the buyer and seller in this transaction, and as a dual agent is barred from compensation by either party.

"2. Neither a dual agent nor an undisclosed principal in a real estate transaction can purge his conduct by a full disclosure to both parties, and therefore, Gruber's disclosure to the Crawfords, though complete, is an insufficient defense."

Accordingly, the court entered judgment for defendants. Appellant assigns this as error. We agree.

The principle involved was laid down in *Bell* v. *McConnell* (1881), 37 Ohio St. 396, wherein the syllabus states:

"The double agency of a real estate broker, who assumes to act for both parties to an exchange of lands, involves, *prima facie,* inconsistent duties; and he cannot recover compensation from either party, even upon an express promise, until it is clearly shown that each principal had full knowledge of all the circumstances connected with his employment by the other which would naturally affect his action, and had assented to the double employment. But *when such knowledge and consent are shown, he may recover* from either party." (Emphasis added.)

The facts here are that Gruber never offered to be a general agent to get the Crawfords the best price obtainable. From the very first contact the Crawfords were advised that Gruber was seeking their property for a specific buyer. Knowing that, they agreed in the listing contract to pay him a com-

mission if he could get his buyer to pay their price. Gruber then produced the offer to purchase at the price demanded, signed by his buyer, Behler. The Crawfords executed the contract which provided for a commission and which was in due course carried out. On these facts there is no doubt that the Crawfords had full knowledge of all the circumstances connected with Gruber's relationship with Behler which would affect Gruber's actions and had assented thereto. To the extent then that Gruber acted as agent both for Behler and the Crawfords in arranging the contract, it was done with their knowledge and consent, and, therefore, is no bar to his receiving the agreed commission.

Nor do we consider Gruber's later action in arranging for Behler a sale and lease-back of the property, to be carried out when the Behler-Crawford sale was completed, a violation of any duty of loyalty to the Crawfords. Gruber's duty to the Crawfords was to use his best efforts on their behalf to see that their contract was carried out according to its terms. This he did. What arrangements he chose to make with Behler as to the property *after* it had been purchased in accordance with the contract were of no concern to the Crawfords. Perhaps he was ill-advised to consider personal involvement in the later sale and lease-back, but in any event, upon the Crawfords' objection, he withdrew even from this. On the facts he was at no time an undisclosed principal in any way involved in the Crawford-Behler transaction.

Appellees' reliance on this court's decision in *Greenberg* v. *Meyer* (1977), 50 Ohio App. 2d 381, is misplaced. In that case the brokers were general agents for the sellers to find a purchaser at a certain price. After the contract was signed the brokers *secretly* pledged their expected commission and other funds to assist the buyers in producing the necessary cash to go through with the contract. At the closing the sellers refused to have the agents' commission deducted for the reason that they had advised the brokers the commission was to be paid over a period of years. They tendered the deed in exchange for the purchase price but the buyers lacked the necessary funds and the deal fell through.

As we said there, by secretly pledging the commission the brokers inextricably entwined their interest with those of the purchasers. That is not the case here. Gruber did nothing

secretly or otherwise to entwine himself in the Crawford-Behler deal, nor did he do anything to violate the rule enunciated in *Greenberg* that " 'the agent shall not put himself in a position where he may be tempted to betray his principal, or to serve himself at the expense of his principal.' " *Greenberg, supra,* at 384.

For these reasons the judgment of the trial court must be reversed and final judgment entered for appellant in the sum of $7,900.

*Judgment reversed.*

BETTMAN, P. J., SHANNON and BLACK, JJ., concur.