DECISION AND JUDGMENT ENTRY
Wayne E. Martin appeals from an order of the Pike County Court of Common Pleas granting summary judgment in favor of Kmart Corporation (Kmart) on his claim for a broker's fee in a real-estate transaction.
Appellant is a real-estate broker that has agents in Waverly, Ohio. In 1999, Kmart owned and operated a retail store in Waverly Plaza. Appellant's associate, Valerie Davis (Davis) contends that she called Kmart representatives in Troy, Michigan in May of 1999 and inquired whether Kmart would consider selling the property in Waverly Plaza. In response, Gregory Bell (Bell), an attorney in the real-estate department at Kmart, indicated that Kmart was interested in selling the property and quoted a price. Appellant asserts that after this contact with Kmart, a member of the Pike County Board of Commissioners contacted Davis about purchasing the Waverly Plaza property. As a result, Davis contends that she submitted an offer to Kmart on behalf of the Pike County Board of Commissioners. Davis also claims that she submitted an agency listing agreement as well as a dual agency agreement with this offer to purchase.
Kmart responded by sending a written counteroffer to the County Commissioners. This proposed purchase agreement disclaimed the use of a broker or payment of any broker's commission. Davis obtained a copy of the Kmart offer and responded to Bell by letter in July 1999, stating in part:
 "Enclosed please find a copy of the draft of the purchase agreement * * *. All portions of the draft are agreeable to my clients with the exception of paragraph number 10 in reference to Brokers. Our offer to purchase was invariably based on Kmart Corporation paying a 5% commission fee to ERA Martin Assoc., which was clearly stated to be inclusive of the purchase agreement prepared by your legal department in order for my clients to proceed with financing. * * * "
In July 1999 Davis also sent Kmart a revised purchase agreement, signed by a representative of the County Commissioners, that included a provision for Kmart to pay appellant's 5% commission. Kmart did not execute this agreement. Instead, in October 1999, Kmart entered into an agreement, directly with the County Commissioners, that did not include a provision for Kmart to pay appellant a commission.
Appellant filed a one count complaint in the Pike County Court of Common Pleas seeking $65,000 in damages under a breach of contract theory. Appellant alleged the damages represented the commission on the sale of the Kmart property. Kmart filed a motion for summary judgment that the trial court granted. Appellant filed a timely notice of appeal raising two assignments of error:
THE TRIAL COURT INCORRECTLY APPLIED THE SUMMARY JUDGMENT STANDARD TO THE FACTS OF THIS CASE AND COMMITTED REVERSIBLE ERROR IN GRANTING SUMMARY JUDGMENT BECAUSE THE PLAINTIFF-APPELLANT WAS THE PROCURING CAUSE OF THE TRANSACTION BETWEEN THE PARTIES.
THE TRIAL COURT INCORRECTLY APPLIED THE SUMMARY JUDGMENT STANDARD TO THE FACTS OF THIS CASE AND COMMITTED REVERSIBLE ERROR IN GRANTING SUMMARY JUDGMENT BECAUSE THE DEFENDANT-APPELEE HAD FULL KNOWLEDGE OF THE DUAL EMPLOYMENT OF THE PLAINTIFF-APPELLANT.[1]
Appellee contends that appellant failed to support his arguments with references to the record and citations to authority in compliance with App.R. 12(A)(2) and 16(A), and that we should disregard the assignments of error on this basis. We decline this invitation and proceed on the merits, but suggest that all counsel review the Appellate Rules prior to making an appearance.
We review a trial court's decision to grant summary judgment on a denovo basis. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same criteria as the trial court, which is the standard contained in Civ.R. 56. Under Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can come to one conclusion when viewing the evidence in favor of the non-moving party, and that conclusion is adverse to the non-moving party; and (3) the moving party is entitled to judgment as a matter of law. See Grafton, supra.
The party moving for summary judgment has the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. To meet its burden, the moving party must specifically refer to the pleadings, depositions, answers to interrogatories, written stipulations of fact that affirmatively demonstrate that the non-moving party has no evidence to support the non-moving party's claims. Civ.R. 56(C), Id.
If the moving party satisfies its burden, then the burden shifts to the non-moving party to offer specific facts showing a genuine issue for trial. Civ.R. 56(E), Dresher, supra. The non-moving party must come forward with documentary evidence rather than resting on unsupported allegations in the pleadings. Kascak v. Diemer (1996), 112 Ohio App.3d 635,638. A trial court may grant a properly supported motion for summary judgment if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing the existence of a genuine issue for trial. Mayes v. Holman (1996),76 Ohio St.3d 147.
In order to recover a commission for the sale of property, a real-estate broker must prove the existence of a valid contract. Parr v.Florea (Apr. 8, 1991), Highland App. No. 765, unreported. The contract may be either express or implied. Ostendorf-Morris Co. v. Slyman (1982),6 Ohio App.3d 46. "An implied contract may be created when a seller authorizes the broker to produce a buyer under circumstances which should reasonably cause the owner to believe he will be expected to compensate the broker for those services." Id. at 47. A contract is not established by the mere evidence that the broker was the procuring cause of the sale and introduced the buyer to the seller. Id. To the extent that appellant contends otherwise in his first assignment of error, he is incorrect. Furthermore, a broker's mere request for information about a seller's price and the seller's mere response is not sufficient to create an implied employment contract. Id., citing Tenbusch v. L.K.N. Realty Co. (1958), 107 Ohio App. 133, 139-140.
Appellant conceded at the trial level that there was no express broker's agreement in this case; appellant's claim is based on an implied in fact contract theory.[2] In this regard, appellant argues that Kmart authorized him to produce a buyer for the Waverly Plaza property, which he did, thereby creating the circumstances that would reasonably cause Kmart to believe it would be expected to compensate appellant for his services. We assume without deciding that the evidence reveals a genuine issue of material fact that precludes summary judgment on this issue. However, that does not mean that the trial court improperly granted summary judgment.
Appellant's status as a dual agent precludes recovery under the current pleadings. While a genuine issue of fact may remain concerning appellant's status as an agent for the seller, there is no question about his relationship with the buyers. Several acts and documents found in the record irrefutably lead to the conclusion that the appellant was acting as the agent for the Pike County Commissioners. Davis' own affidavit states that "I submitted an offer . . . on behalf of the Pike County Commissioners." If she were solely an agent for Kmart she would have received and transmitted an offer, not submitted it. Davis' letter to Kmart dated 7/12/99, which the appellees attached to their memorandum in support, states in part:
 Thank you for your correspondence to our Letter of Intent to Purchase * * *(.) We are aware that our
offer is currently being evaluated by yourself and your corporation. But due to availability of funding time is of the essence for my clients * * * Also, my clients would be purchasing title insurance * * * Since my clients are a government agency, * * * [Emphasis added.]
A second letter from Davis to Kmart also dated 7/12/99 includes various references to the commissioners as "my clients" (twice), "our offer," and "our apologies."
It could not be clearer that appellant's local agent was representing the county commissioners at that point.
It is equally clear that the appellant did not attach a written dual agency agreement to its memorandum contra. In light of the affidavit of Lawrence Kustra, an attorney employed by the appellee, that states Kmart did not agree to dual representation, this void in the summary judgment evidence is fatal to the appellant.
Under R.C. 4735.71(A), a real-estate broker cannot participate as a dual agent in a sales transaction, "unless both the purchaser and the seller in the transaction have full knowledge of the dual representation and consent in writing to the dual representation on the dual agency disclosure statement described in section 4735.73 of the Revised Code."
In its motion for summary judgment, Kmart argued that appellant is barred from receiving a commission for any alleged dual representation in the transaction because appellant did not execute a dual agency disclosure as required by R.C. 4735.71(A). Kustra averred in his affidavit that Kmart did not consent to dual representation, nor did it sign a dual agency disclosure, or any other document, that would allow appellant to act as its agent in any capacity. Kmart met its burden underDresher with Kustra's affidavit and shifted the burden to appellant to come forward with evidence showing a genuine issue of fact regarding the existence of a dual agency relationship.
There is no signed dual agency disclosure in this case. Under R.C.4735.71(A), appellant is barred from participating in a dual agency representation without knowledge and written consent of the parties. We interpret R.C. 4735.71(A) to preclude appellant from receiving a commission from Kmart based on an alleged dual agency relationship. See, generally, Parchman Oyler Co. v. Crawford (1980), 68 Ohio App.2d 109.
Appellant also seems to argue that Kmart is estopped from denying a dual agency relationship because there is evidence to show that Kmart promised to include appellant's commission in its final purchase agreement with the County Commissioners. Davis indicated in her affidavit that she submitted a dual agency disclosure statement to Kmart, that Kmart did not execute the disclosure statement, but that Kmart promised her that a broker's commission would be included in the final agreement. However, R.C. 4735.71(B) is clear that Davis carried the burden of making sure the dual agency disclosure was signed by the seller and purchaser. R.C.4735.71(B) states in part:
 "The form must be signed and dated prior to the signing of any offer to purchase or lease the real estate that is the subject of the transaction."
[Emphasis added.]
Davis and Martin are professional real-estate agents and brokers, respectively; therefore, they are charged with notice of this requirement. Estoppel does not apply in this context. There is no evidence in the record that the appellee signed a dual agency disclosure. Since there is no question of fact on this point, summary judgment was proper.
Both of appellant's assignments of error are overruled, the judgment of the trial court is affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Kline, J.: Concur in Judgment and Opinion
 _______________________ William H. Harsha, Judge
NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] These assignments of error are listed in the appellant's reply
brief.
[2] As noted previously, appellant's complaint proceeded solely on a contract theory. There is no claim for unjust enrichment orquasi contract, i.e. a contract implied in law.