KASCAK et al., Appellants,

v.

DIEMER, Appellee.

[Cite as *Kascak v. Diemer* (1996), 112 Ohio App.3d 635.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69455.

Decided July 17, 1996.

*Gary B. Garson Co., L.P.A.*, and *Paul W. Flowers*, for appellants.

*Wegman, Hessler, Vanderburg & O'Toole, Keith A. Vanderburg* and *Jeffrey W. Krueger*, for appellee.

---

DYKE, Judge.

Appellee, Donald Diemer, and Karen Diemer, the decedent in this case, were married several years before Karen was diagnosed with cancer. Following the diagnosis, Donald filed for divorce, which complaint was subsequently dismissed. Two months after the dismissal and just prior to her death, Karen filed for divorce from Donald. The domestic relations division of the court of common pleas dismissed the complaint following her death, citing a lack of jurisdiction over the matter.

Prior to the marriage, Donald and Karen entered into an antenuptial agreement whereby Karen would receive five promissory notes over a period of five years, payable on the event of the termination of the marriage. The agreement also stipulated that Karen would receive spousal support in the amount of $5,000 per month and one half of the marital home and its contents, upon the termination of the couple's marriage. Furthermore, in the event of an action pertaining to the antenuptial agreement, Donald agreed to pay half of Karen's legal expenses. This latter provision was not conditioned upon the termination of the parties' marriage by dissolution, divorce or other marital action, as were the other provisions of the agreement.

The antenuptial agreement is at the heart of the issue presented on appeal. After Karen's death her executor filed a complaint for declaratory judgment, requesting that the promissory notes, spousal support, half of the equity in the marital home, and Karen's legal fees, medical and funeral expenses all be paid into her estate, based upon the terms of the agreement. Appellee filed a motion for summary judgment. Appellee argued that the marriage had not terminated, and that therefore the terms of the agreement were never effectuated. The probate court determined that the marriage had not terminated prior to Karen's death in a journal entry, dated August 2, 1995, which purported to grant judgment in appellee's favor. In another journal entry, also dated August 2, the trial court granted appellee's motion for summary judgment. Neither journal entry specifically dealt with the issue of the decedent's attorney fees, the only provision which did not rely upon a termination of the marriage.

Appellants appeal from the probate court's decision to grant appellee's motion for summary judgment on appellants' complaint for declaratory judgment. Appellants assert one assignment of error:

"The probate court erred, as a matter of law, by granting summary judgment against appellants upon their complaint for declaratory judgment and for recovery of assets of the estate of Karen A. Diemer, deceased."

Appellants argue that the issue of decedent's attorney fees was never addressed by the trial court and was never raised in appellee's motion for summary judgment. Appellants assert that the termination of the marriage was not a contingency included in the provision which awarded decedent half of her legal costs in any dispute regarding the antenuptial agreement. Appellants argue that legal fees have been incurred in the domestic relations suits prior to Karen's death and the ongoing legal dispute involving the agreement's impact on the estate. Appellants' argument is well taken, in part.

The specific provision of the agreement relied upon by Karen's estate is found at paragraph nine of the antenuptial agreement:

"In the event it is necessary for Karen to employ an attorney to represent her in regard to any matter relating to this Agreement and, including but not by way of limitation of, to any proceedings relating to child support (pre or post decree) or divorce, dissolution or other marital action, Donald agrees to promptly pay fifty percent (50%) of all attorney fees and cost charged to Karen for the services of such attorney or attorneys. However, should the parties or a court of competent jurisdiction determine that Donald should be required to pay more than fifty percent (50%) of said fees, then the order or opinion of the Court shall prevail and the sum so determined by a court shall be promptly paid to Karen or her attorneys. It is the intention of the parties in having this provision in the agreement to establish a minimum amount of attorney fees for which Donald will be responsible and not to limit his responsibility for the same."

At no point in this provision is it stated that the payment of half of the attorney fees is conditioned upon the termination of the marriage. Therefore, under the plain terms of the agreement, Donald is responsible for half of the attorney fees which accrued prior to Karen's death pursuant to the two actions for divorce, one raised by each party. The provision does not render appellee liable for the attorney fees generated in subsequent appeals and probate court proceedings initiated by Karen's executor.

The complaint for declaratory judgment filed by Karen's executors requested that attorney fees be paid. The motion for summary judgment and brief in support thereof, filed by appellee, did not raise the attorney fees issue. Nor did the referee's report, dated April 21, 1994, contain a finding of fact or recommendation regarding the attorney fees. The court's brief findings contained in the journal entry granting judgment in appellee's favor stated that the terms of the agreement were not ambiguous and that Karen Diemer had died prior to the

termination of the marriage. These findings do not resolve the issue of the attorney fees owed to Karen under the agreement.

We find that this issue was not properly resolved by the probate court. We further find that appellants did not waive this issue by failing to raise an objection to its absence in the referee's report. The hearing held before the referee on February 15 was specifically a hearing on the summary judgment motion. Summary judgment was not granted on this issue because it was not raised by appellee in his motion or brief in support thereof. Even if the issue had been raised, summary judgment would have been inappropriate because reasonable minds could have found in favor of the nonmoving party on the question of whether appellee was responsible for Karen's attorney fees as they pertained to the divorce complaints.

Appellants further argue that the court improperly granted the motion for summary judgment because the marriage between Donald and Karen was terminated when the parties separated in November 1992, a year prior to Karen's death. This argument is without merit.

■ Summary judgment is properly granted where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). A court must review the evidence most strongly in favor of the party opposing the motion. *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 517 N.E.2d 904. However, the party opposing summary judgment may not rest upon mere allegations but must produce documentary evidence setting forth specific facts which create a genuine issue for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798. Viewing the evidence on the record in a light most favorable to appellants, we find that no genuine issue of material fact exists and that appellee's motion was properly granted, as a matter of law.

■ A review of the terms of the antenuptial agreement does not lead this court to determine that the separation of the couple a year prior to Karen's death is equivalent to a marital act which would cause the assets enumerated in the agreement to vest. If the parties to the agreement had meant to include the act of separation, they could have used language to that effect. The context of the language "other marital act" indicates that the parties intended a definitive, legally binding act to terminate the marriage and entitle Karen to the assets under the agreement. A separation is legally distinguishable from the termination of a marriage.

Appellants' assignment of error is overruled in part and sustained in part.

We affirm the trial court's finding that the marriage was not terminated prior to Karen's death. Summary judgment on all issues, except the issue of attorney

fees, was properly entered in appellee's favor. We remand the cause for further consideration of appellants' request for attorney fees under the terms of the antenuptial agreement, not inconsistent with this opinion.

*Judgment accordingly.*

HARPER, P.J., and PATTON, J., concur.