DECISION AND JUDGMENT ENTRY
Richard Whittington, acting pro se, appeals from a summary judgment entered by the Hocking County Court of Common Pleas in this wrongful death action.[1]
Appellant's mother, Pearl Whittington, was a 77-year old resident at Arcadia Acres, Inc. (Arcadia) nursing home in Logan, Ohio when she experienced respiratory problems. She was transported to the Hocking Valley Community Hospital (Hocking Valley) in Logan, Ohio and admitted under the care of her family physician, Dr. Parkash Kudlapur, M.D. Pearl Whittington was diagnosed with respiratory failure, hypoxia, pneumonia, and dehydration. She remained comatose for three days at Hocking Valley before dying of what was determined to be respiratory failure secondary to pneumonia.
Appellant filed a pro se complaint in the Hocking County Court of Common Pleas that included tort claims against Arcadia, Hocking Valley, Dr. Kudlapur, and John Wallace, Esq., who was Pearl Whittington's guardian at the time of her death. Each defendant filed a motion for summary judgment. The trial court granted summary judgment in favor of Dr. Kudlapur, Hocking Valley and Arcadia on December 12, 2000. The trial court entered a dismissal entry in favor of Arcadia on December 19, 2000. Unlike the December 12, 2000 entry, this judgment contained language stating "there is no just cause for delay." On January 3, 2001, appellant filed a notice of appeal with this court. After the notice of appeal was filed, the last remaining defendant, John Wallace, sought summary judgment, which the trial court subsequently granted in his favor on March 2, 2001.
Initially, we must determine whether we are confronted with a final appealable order. It is well established that an order must be final before it can be reviewed by an appellate court. See Section 3(B)(2), Article IV, Ohio Constitution and Coey v. U.S. Health Corp. (Mar. 18, 1997), Scioto App. No. 96CA2439, unreported, citing General Acc. Ins.Co. v. Insurance Co. of N. Am. (1989), 44 Ohio St.3d 17, 20. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. Lisath v. Cochran (Apr. 14, 1993), Lawrence App. No. 92CA5, unreported; In re Christian (July 22, 1992), Athens App. No. 1507, unreported.
A two-step analysis is often required to determine whether a judgment is final. First, we must determine if the order is final within the requirements of R.C. 2505.02. If so, we then proceed with the second step to determine if Civ.R. 54(B) language is required. General Acc. Ins.,supra, at 21. An order of a court is final and appealable only if the requirements of both R.C. 2505.02 and Civ.R. 54(B), if applicable, are met. Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus.
A final order is defined by R.C. 2505.02 as "an order that affects a substantial right in an action which in effect determines the action." A final decree determines the whole case, or a distinct branch thereof, and reserves nothing for future determination, so that it will not be necessary to bring the cause before the court for further proceedings.Catlin v. United States (1945), 324 U.S. 229; Lantsberry v. Tilley LampCo. (1971), 27 Ohio St.2d 303, 306; Teaff v. Hewitt (1853), 1 Ohio St. 511,520.
Appellant's pro se notice of appeal contests only the entry of December 19, 2000 dismissing appellant's claim against Arcadia. Appellant's claim against Arcadia is based on negligence for the alleged failure to provide medical treatment to Pearl Whittington. The claim against Arcadia is a distinct branch of the case. The facts and circumstances constituting that allegedly tortuous conduct are not directly intertwined with the claims against the other parties in the case. Specifically, appellant claims that his mother told him she was having pain in her chest approximately 2 ½ weeks before she was admitted to Hocking Valley. Appellant claims that he talked to an unnamed administrator at Arcadia about his mother's pains, but that nothing was done. He alleges that Arcadia negligently caused his mother's death by refusing to provide appropriate medical care.
In contrast, appellant's allegations against Dr. Kudlapur and Hocking Valley are based on alleged facts and circumstances that occurred during Pearl Whittington's treatment at Hocking Valley. In essence, he claims that Dr. Kudlapur and Hocking Valley failed to properly diagnose and treat Pearl Whittington. Further, appellant's allegation against John Wallace is based on his conduct as Pearl Whittington's guardian; it is not related to Arcadia's alleged negligence. Therefore, we find that the trial court's grant of summary judgment dismissing appellant's claim against Arcadia disposed of a separate and distinct branch of the case. Moreover, having dismissed all claims against Arcadia, the entry effected a substantial right and in effect determined the action against Arcadia.
Since the judgment entry in this case constitutes a final order pursuant to R.C. 2505.02, we must now consider Civ.R. 54(B), which provides in pertinent part:
When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. (Emphasis added.)
The general purpose of Civ.R. 54(B) is to avoid piecemeal litigation.Noble v. Colwell (1989), 44 Ohio St.3d 92, 96; Alexander v. Buckeye PipeLine Co. (1977), 49 Ohio St.2d 158, 160. Therefore, when a complaint includes multiple parties and an order adjudicates against fewer than all the parties, the language "there is no just reason for delay" must be used to make the order final and appealable. Noble, supra. The use of this language is a mandatory requirement. Without the use of this language, the order is still subject to modification and cannot be either final or appealable. Noble, supra; Jarrett v. Dayton Osteopathic Hosp.,Inc. (1985), 20 Ohio St.3d 77, 78.
In this case, the trial court used the mandatory language "there is no just reason for delay" in its December 19, 2000 entry dismissing appellant's claim against Arcadia. By using this language, the trial court converted the entry into a final appealable order in spite of the fact that the claim against attorney Wallace remained pending. Accordingly we have jurisdiction over the appeal pursuant to R.C. 2505.02 and Civ.R. 54(B).
We now turn to the errors raised on appeal. As previously noted, appellant is representing himself without the aid of counsel. Predictably, it follows that his brief is deficient in many respects. For instance, it does not include a table of cases, assignment of error, statement of facts, or any citation to legal authority in support of the arguments. See App.R. 16(2), (3), (6), and (7).
Appellant failed to comply with the requirements of App.R. 16. Nevertheless, this court has long had a policy of affording "considerable leniency" to pro se litigants. Highland Cty. Bd. of Comm. v. Fasbender
(July 28, 1999), Highland App. No. 98CA24, unreported. We have not held pro se litigants to the same standard as attorneys. Id. This does not mean, however, that we will "conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning." State ex rel.Karmasu v. Tate (1992), 83 Ohio App.3d 199, 206. A pro se appellant must at least present an identifiable assignment of error for our consideration. Consistent with this approach, we will review the trial court's grant of summary judgment in favor of Arcadia for the errors raised in the briefs.
We review a trial court's decision to grant summary judgment on a de novo basis. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same criteria as the trial court, which is the standard contained in Civ.R. 56. Lorain Natl. Bank v. Saratoga Apts. (1989)61 Ohio App.3d 127, 129. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to one conclusion when viewing the evidence in favor of the non-moving party, and that conclusion is adverse to the non-moving party. SeeGrafton, supra.
The party moving for summary judgment has the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. To meet its burden, the moving party must specifically refer to the pleadings, depositions, answers to interrogatories or written stipulations of fact which affirmatively demonstrate that the non-moving party has no evidence to support its claims. Civ.R. 56(C), Id.
If the moving party satisfies its burden, then the burden shifts to the non-moving party to offer specific facts showing a genuine issue for trial. Civ.R. 56(E), Dresher, supra. The non-moving party must come forward with documentary evidence rather than resting on unsupported allegations in the pleadings. Kascak v. Diemer (1996), 112 Ohio App.3d 635,638. A trial court may grant a properly supported motion for summary judgment if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing the existence of a genuine issue for trial. Mayes v. Holman (1996),76 Ohio St.3d 147.
Appellant alleges that Arcadia negligently caused his mother's death by refusing to provide appropriate medical care once notified that his mother was complaining of chest pain. In order to maintain a cause of action for negligence, appellant must establish the following three elements: 1) that appellee owed a duty to appellant; 2) that appellee breached that duty; and 3) that damage proximately resulted from the breach. Gray v. Jefferson Geriatric Rehabilitation Center (1991),76 Ohio App.3d 499; and Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142. A nursing home may owe a duty to its residents to provide medical care. See, e.g., Temple v. Voiers (Dec. 20, 1995), Scioto App. No. 95CA2329, unreported. Further, a nursing home may be held liable for the acts of its employees under the theory of vicarious liability. Id. However, in order to establish the element of causation in a negligence claim when specific physical injuries are alleged, a plaintiff must produce expert testimony, unless causation is within the common knowledge of a layperson. See, by way of analogy, Mahaffey v. Stenzel (Jan. 25, 1999), Ross App. No. 97CA2391, unreported, citing Darnell v. Eastman (1970),23 Ohio St.2d 13.
Arcadia addressed appellant's complaint against it as a medical malpractice claim. With its motion for summary judgment, Arcadia submitted the affidavit of Dr. Remus Nerez, M.D., Pearl Whittington's treating physician at Arcaida. Dr. Nerez established his qualifications by training and experience. He averred that he had rendered treatment to Pearl Whittington while she was living at Arcadia, he had personal knowledge of the facts and circumstances of her care, and he had reviewed the medical records. Dr. Nerez opined to a reasonable degree of medical probability that the "complaints" Pearl Whittington made prior to being admitted to Hocking Valley were not attributable to any disease or illness that directly and proximately caused her death; and that the treatment provided to Pearl Whittington, by himself and Arcadia, was reasonable and proper. Thus, Arcadia met its burden under Dresher on the issue of causation.
On the other hand, appellant failed to produce any relevant evidence of causation. There is no evidence, expert or otherwise, to show that the alleged failure to provide some unspecified treatment to Pearl Whittington either directly or proximately caused her death, or any other injury. In other words, there is no causal link between Pearl Whittington's alleged chest pains and her death from pneumonia 2 ½ weeks later. Causation cannot be inferred in this case, since the determination involves medical analysis that is not within the common knowledge of a layperson.
Whether we construe appellant's complaint as a negligence claim, or a medical malpractice claim based on the theory of vicarious liability, the outcome of our decision is the same. Summary judgment is appropriate when a plaintiff fails to produce evidence supporting the essentials of his or her claim. Welco Indus., Inc. v. Applied Cos. (1993) 67 Ohio St.3d 344. The principal function of Civ.R. 56(E) is to enable movement beyond allegations in pleadings and to analyze the evidence so as to ascertain whether an actual need for a trial exists. Ormet Primary Aluminum Corp.v. Employers Ins. of Wassau (2000), 88 Ohio St.3d 292, citing Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.; see, also,Greene v. Marchyn (Sept. 27, 2000), Scioto App. No. 99CA2662, unreported. Having failed to come forward with any evidence on the issue of causation, we find that that there is no genuine issue of material fact as to Arcadia's liability, and that the trial court properly granted summary judgment as a matter of law.
The judgment of the trial court is affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
William H. Harsha, Judge.
Abele, P.J. Evans, J. Concur in Judgment and Opinion.
[1] A wrongful death action must be brought in the name of the personal representative of the decedent's estate. R.C. 2125.02(A). In this case, appellant brought suit in his own name, and later submitted decedent's will as evidence that he was the personal representative. Appellee raised the lack of standing as an affirmative defense, but did not argue that the case should be dismissed on that basis. Because appellee failed to argue the issue of standing, we do not address it in this appeal. App.R. 16; see, also Zotter v. United Servs. Auto. Ass'n (Nov. 10, 1994), Portage App. No. 94P0001, unreported.