DECISION AND JUDGMENT ENTRY
This matter is before us for the second time on a grant of summary judgment in favor of appellee, Erie Insurance Company (Erie).
In April of 1996, appellant Jeffrey W. Chavis suffered injuries when a vehicle operated by Mark Tanner struck his motorcycle. At the time of the accident, Mark Tanner was delivering pizzas for W W Pizza, Inc., d.b.a. Godfather's Pizza ("Godfather's"). Appellant filed a complaint against Mark Tanner, appellee Erie Insurance Company and John Doe. Erie provides automobile insurance to appellant's mother, Cora G. Holderbaum; appellant claimed that he was entitled to uninsured/underinsured motorist coverage under his mother's policy. John Doe was named in the complaint as the unknown employer of Mark Tanner. Subsequently, appellant amended his complaint to name Godfather's as the previously unknown John Doe. At the time of the accident, St. Paul Fire Marine Insurance Co. insured Godfather's.
The trial court granted Godfather's motion for summary judgment based on the statute of limitations. Thereafter, Erie moved for summary judgment on the basis that Godfather's St. Paul policy included coverage for Tanner, the tortfeasor. Erie argued that when the St. Paul policy is included in the coverage available to appellant, he is not considered underinsured by the terms of Erie's policy, notwithstanding the fact that Godfather's was no longer a party to the suit. The trial court granted Erie's motion for summary judgment; however, we reversed that grant of summary judgment in Chavis v. Tanner, et al. (April 20, 2000), Ross App. No. 99CA2526, unreported, because Erie had failed to produce a copy of the St. Paul insurance policy. Upon remand, Erie produced the applicable policy and was again granted summary judgment. Appellant filed a timely notice of appeal raising the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
We review a trial court's decision to grant summary judgment on a denovo basis. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, i.e. Civ.R. 56. Under Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can come to one conclusion when viewing the evidence in favor of the non-moving party, and that conclusion is adverse to the non-moving party; and (3) the moving party is entitled to judgment as a matter of law. See Grafton, supra.
The party moving for summary judgment has the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. To meet its burden, the moving party must specifically refer to the pleadings, depositions, answers to interrogatories or written stipulations of fact that affirmatively demonstrate that the non-moving party has no evidence to support its claims. Civ.R. 56(C), Id. at 293.
If the moving party satisfies its burden, then the burden shifts to the non-moving party to offer specific facts showing a genuine issue for trial. Civ.R. 56(E), Dresher, supra. The non-moving party must come forward with documentary evidence rather than resting on unsupported allegations in the pleadings. Kascak v. Diemer (1996), 112 Ohio App.3d 635,638. A trial court may grant a properly supported motion for summary judgment if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing the existence of a genuine issue for trial. Mayes v. Holman (1996),76 Ohio St.3d 147.
The St. Paul policy issued to Godfather's provided coverage of $500,000, whereas the Erie policy provided coverage in the amount of $100,000. The Erie policy defined an "underinsured motor vehicle" to be:
 A motor vehicle that has liability insurance in effect, but the sum of the applicable limits of liability under all bodily injury liability bonds, insurance policies and self-insurance plans applicable at the time of the accident is less than the applicable limits shown on the Declarations for Uninsured/Underinsured Motorist Coverage for one auto.
R.C. 3937.18(A)(2) provides, in part, that:
 * * * Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable body injury liability bonds and insurance policies covering persons liable to the insured.
Based on the policy definition and R.C. 3937.18(A)(2), appellant is unable to collect from Erie unless the total insurance coverage for Mark Tanner at the time of the accident was less than $100,000. Appellant does not dispute that this is the state of the law and that if the St. Paul insurance contract provided coverage for the accident, Erie would not be required to provide underinsured motorist coverage.
The specific issue the appellant disputes is whether Tanner, the tortfeasor, is a "covered person" under the St. Paul policy. Appellant argues that the St. Paul policy only includes coverage for employees and that an issue of fact remains as to whether Tanner is an employee or alternatively, an independent contractor.
Insurance policies are generally interpreted by applying rules of contract law. Burris v. Grange Mut. Cos. (1989), 46 Ohio St.3d 84, 89. Where the terms of an insurance policy are clear and unambiguous, those terms must be applied to the facts without engaging in any construction.Santana v. Auto Owners Ins. Co. (1993), 91 Ohio App.3d 490, 494. The mere absence of a definition in an insurance contract does not make the meaning of a term ambiguous. Nationwide Mut. Fire Ins. Co. v. Guman
(1995), 73 Ohio St.3d 107, 108. When the policy terms have a plain and ordinary meaning, no factual determination is necessary since the interpretation of the undefined terms is controlled by their plain and ordinary meaning as a matter of law. Id. Only where the language of the insurance policy is doubtful, uncertain, or ambiguous, will it be construed strictly against the insurer and liberally in favor of the insured. Faruque v. Provident Life Acc. Ins. Co. (1987),31 Ohio St.3d 34.
We begin our analysis with the St. Paul policy that was absent in our first review of this case. The policy includes a "Pizza Delivery Endorsement" that states "this endorsement changes your Auto Liability Protection."[1] The endorsement further states that "these changes broaden coverage to protect you while delivering pizza products to your customers in a private passenger auto." The St. Paul policy also provides an example of how the pizza delivery endorsement works:
 "The limit of coverage of this endorsement is $300,000.00. (Your Auto Coverage Summary will show what your Auto Liability Protection Limits are). Your employee also has an auto liability policy that's written with another insurance company. That policy has a limit of coverage of $100,000, and covers the auto the employee is using to deliver your pizza. While delivering pizza for you, an accident occurs, in which another person sustains $300,000 in injuries. Your employee is ruled liable. This is how our policy and the other policy would share payment of this $300,000 in damages.
Your deductible 0
Your employee's policy $100,000
This policy $200,000
 If no other insurance is collectible by a protected person, and the above loss occurs, the loss will be adjusted as follows:
Your deductible $1,000
This policy $299,000
 Remember, your policy limit of coverage may not be the same as the one shown in this example. The Auto Coverage Summary will show the limits of coverage that apply for your Auto Liability Protection."
Appellant argues that the only reasonable construction of the policy is that it applies only to employees delivering pizza products in a private passenger auto, but not to independent contractors. Appellant reasons that Godfather's could be liable for the negligent acts of its delivery drivers under the doctrine of respondent superior, but would have no liability for the acts of independent contractors; thus it would not have a need for the latter coverage. Appellant goes further to contend that there is a genuine issue of material fact concerning the tortfeasor's status as either an employee or an independent contractor. On the other hand, appellee argues first that it is irrelevant whether Mr. Tanner was an employee or independent contractor and second, that if it is relevant, Mr. Tanner was clearly an employee.
The Pizza Delivery Endorsement uses the term "employee" four times in the example of coverage. While the example is an illustration or hypothetical and not a specific provision of coverage, it is part of the policy. Because "employee" is not defined, we look to its plain and ordinary meaning. Nationwide Mut. Fire Ins. Co., supra. Black's Law Dictionary (1991 — Abridged 6th Ed.) at p. 363 defines "employee" as:
 A person in the service of another under any contract of hire, express or implied, oral or written, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed. One who works for an employer; a person working for salary or wages.
Furthermore, as a general principle of law, a corporation may be held vicariously liable for its employees acts under the doctrine ofrespondent superior. Clark v. Southview Hosp. Family Health Ctr. (1994), 68 Ohio St.3d 435, 438, citing Councell v. Douglas (1955),163 Ohio St. 292. However, generally a corporation is not vicariously liable for the acts of independent contractors. Id. Black's Law Dictionary defines an independent contractor at p. 530 as:
 Generally, one who, in exercise of an independent employment, contracts to do a piece of work according to his own methods and is subject to his employer's control only as to end product or final result of his work. One who renders service in course of self employment or occupation, and who follows employer's desires only as to results of work, and not as to means whereby it is to be accomplished.
In the absence of special circumstances, the corporation would have no need to purchase coverage for the acts of independent contractors. When we consider the language of the policy, including its example, and the law concerning independent contractors, we conclude there is no ambiguity in the policy and that it provides coverage for the acts of employees, but not for independent contractors.
The principle test used to determine the character of the employment relationship focuses upon the degree of control reserved by the employer. Bostic v. Conner (1988), 37 Ohio St.3d 144, 145. Ordinarily, whether a person is an employee or an independent contractor is a factual determination for the trier of fact. Id. However, the law indulges in no presumption that an employee is either a servant or an independent contractor. Industrial Comm. v. Laird (1933), 126 Ohio St. 617, paragraph one of the syllabus. Therefore, the burden of establishing that status falls upon the party who has to rely upon it to establish its claim or defense. Id. Here, appellant has to establish that underinsured coverage exists in order to hold Erie liable for damages. In order to do that, appellant would have to show that Tanner was an independent contractor. Appellant has failed to produce any summary judgment evidence to contradict the evidence in the record that suggests Tanner was an employee.
The appellant's contention that Mr. Tanner might be an independent contractor simply is not supported by any summary judgment evidence or permissible inference. At appellant's deposition he acknowledged that following the accident Mr. Tanner was wearing a Godfather's shirt. Wearing a company uniform is indicative that an individual is an employee, not an independent contractor. Mr. Tanner's actions following the accident are also indicative that he was an employee. Appellant also stated in his deposition that Mr. Tanner had to ask permission from the police in order to call Godfather's and tell them that he was involved in an accident and would not be back to work. Mr. Tanner had to contact Godfather's because they expected him to come back to work. Lastly, Mr. Tanner referred to Godfather's as his employer. All of these actions taken together make it clear that Tanner was an employee and not an independent contractor. See Bostic, supra at 146 and the authorities cited there for indicia of the relationship. Appellant produced no evidence to create a genuine issue of fact on this question. The mere fact that Tanner was driving his own vehicle, rather than a company car, adds no weight to appellant's argument since employees are frequently using their own vehicles for company business.
Since Mr. Tanner was an employee, the St. Paul policy provided coverage that would render the appellee's coverage inapplicable. The St. Paul policy provided for $500,000 worth of coverage, well above the $100,000 coverage available through the appellee. Because the St. Paul coverage is greater than the appellee's coverage, Mr. Tanner was not underinsured at the time of the accident. Therefore, Erie's coverage is not available to Chavis.
Accordingly, the decision of the trial court to grant summary judgment in favor of the appellee is affirmed.
[1] It does not appear that the Auto Liability Protection portion of the policy is in the record. This omission does not affect our decision.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KLINE, J. EVANS, J.: Concur in Judgment and Opinion.