DECISION AND JUDGMENT ENTRY
{¶ 1} Brandon Marcum appeals from a summary judgment in favor of Jordan Zerkle in this personal injury action, which stems from a "game" of paintball. Marcum argues that the trial court erred in granting summary judgment because the issue of whether Zerkle's conduct was reckless is a question of fact for the jury to decide. However, Marcum's complaint alleges only negligence, not recklessness on Zerkle's part. At the time of Marcum's injury, Marcum and Zerkle were competing in a recreational activity and, thus, a recklessness standard applies. Marcum's failure to plead recklessness in his complaint is fatal to his right to recover. Moreover, there is no evidence that Zerkle acted recklessly in failing to stop the game. Accordingly, we affirm the trial court's judgment.
 {¶ 2} Marcum sustained an injury to his eye when Jordan Zerkle discharged a paintball gun in Marcum's direction. The injury occurred in the dark, around 8:00 PM. At the time, Marcum, Jordan Zerkle (Jordan), and his brother, Jared Zerkle (Jared) were participating in a recreational game in which they consented to being shot with paintballs. The three participants agreed no one should shoot paintballs towards the house in order to prevent damage to it. This was the only rule the three agreed upon.
 {¶ 3} Prior to the injury, Marcum had taken off his protective goggles because they had "fogged." Marcum testified that had his goggles been on, the injury would not have occurred. Marcum further testified he yelled out to Jordan that the game was over just before he removed his goggles. Marcum then began walking back to the house with Jared, believing the game had ended. Jordan fired a number of paintballs in the direction of Marcum and Jared from a crouched position near the house. One of these shots struck Marcum in the eye, injuring him. Jordan testified he never heard Marcum yell out the game had ended. Jared testified he doesn't remember either he or Marcum yelling out the game had ended.
 {¶ 4} Marcum filed a Complaint against Jordan alleging that he negligently discharged a paintball gun in Marcum's direction causing injury to Marcum's eye. Jordan filed a Motion for Summary Judgment asserting he cannot be held liable for Marcum's injuries because they were participating in a recreational activity and Jordan's actions were neither reckless nor intentional. Marcum filed a memorandum contra arguing a material fact exists about whether Jordan acted recklessly.
 {¶ 5} The trial court granted summary judgment in favor of Jordan on the basis that the complaint failed to allege recklessness, nor could the evidence support such a finding. Marcum appeals and asserts the following assignment of error:
The trial court erred in granting summary judgment in favor of defendant.
 I. Summary Judgment Standard {¶ 6} We review a trial court's decision to grant summary judgment on a de novo basis. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. We apply the same criteria as the trial court, which is the standard contained in Civ.R. 56. LorainNatl. Bank v. Saratoga Apts. (1989) 61 Ohio App.3d 127, 129. Under Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to one conclusion when viewing the evidence in favor of the non-moving party, and that conclusion is adverse to the non-moving party. See Grafton, supra.
 {¶ 7} The party moving for summary judgment has the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. To meet its burden, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written stipulations of fact, if any," which affirmatively demonstrate that the non-moving party has no evidence to support the non-moving party's claims. Civ.R. 56(C);id.
 {¶ 8} If the moving party satisfies its burden, then the burden shifts to the non-moving party to offer specific facts showing a genuine issue for trial. Civ.R. 56(E); Dresher,
supra. The non-moving party must come forward with documentary evidence rather than resting on unsupported allegations in the pleadings. Kascak v. Diemer (1996), 112 Ohio App.3d 635, 638. A trial court may grant a properly supported motion for summary judgment if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing the existence of a genuine issue for trial. Mayes v.Holman (1996), 76 Ohio St.3d 147.
 II. Recklessness Requirement {¶ 9} "Where individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either `reckless' or `intentional' as defined in Sections 500 and 8A of the Restatement of Torts 2d." Marchetti v. Kalish (1990),53 Ohio St.3d 95, 559 N.E.2d 699, at syllabus. "[B]efore a party may proceed with a cause of action involving injury resulting from a recreational or sports activity, reckless or intentional conduct must exist." Id.
 {¶ 10} Here, Marcum, Jordan and Jared were voluntarily participating in the recreational activity of "paintball." The three participants knew the object of the game was to shoot each other with paintballs. Each participant consented to being hit with paintballs. In fact, Marcum's testimony indicates he had already been struck by paintballs previously during that day's game.
 {¶ 11} Because Marcum, Jordan and Jared participated in a recreational activity, reckless or intentional conduct must exist before one of the participants may proceed with a cause of action for injury resulting from the activity. See Marchetti, supra. Here, Marcum pled only negligence in his complaint. Therefore, he cannot prevail on his cause of action. See Konrad v. Morant
(1993), 89 Ohio App.3d 803, 627 N.E.2d 1007.
 {¶ 12} However, Marcum argues that a negligence standard should be applied to this incident because Marcum's injury occurred after the game had ended. If in fact the game was over, Marcum's argument might have merit. However, Marcum would initially have to establish Jordan acted recklessly in failing to stop the game before the legal standard controlling Jordan's conduct becomes negligence. In other words, the recklessness standard that applied to participating also applied to ending the game. As previously noted, Marcum did not plead Jordan acted recklessly. Just as importantly, the evidence does not establish a genuine issue of material fact on this question. Marcum testified he yelled out to Jordan the game was over. Jordan testified he never heard Marcum yell to him, and Jared testified he doesn't remember hearing Marcum yell. Marcum further testified he did not hear a response from Jordan when he yelled out to him. Yet he unwisely assumed that the game had ended and it was safe to remove his mask. Without additional evidence to indicate Jordan heard Marcum and simply chose to ignore him, no jury could reasonably conclude that Jordan acted recklessly in failing to end the game. We concede Jordon saw his two opponents walking toward the house (and him) in what may have been a non-aggressive act. While this might allow a reasonable person to conclude Jordon was negligent in not recognizing a "cease-fire", it would not permit a finding of recklessness. Thus, we conclude as a matter of law that a negligence standard does not apply to Jordan's conduct.
 {¶ 13} Therefore, we affirm the trial court's grant of summary judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. McFarland, J.: Concur in Judgment and Opinion.