OPINION
{¶ 1} Robert M. Getsy appeals from a judgment of the Trumbull County Court of Common Pleas, which granted summary judgment to Travis Eastham in connection with an accident where Mr. Getsy was injured while riding with Mr. Eastham in a Yamaha Rhino driven by Mr. Eastham.
 {¶ 2} In the late evening on March 12, 2005, Mr. Getsy, Mr. Eastham, and several co-workers purchased some beer after work and went to Mr. Eastham's home. Mr. Getsy then went for a ride with Mr. Eastham on the latter's new Yamaha Rhino. The Yamaha Rhino tipped over, ejecting Mr. Getsy. The Rhino's roll bar landed on Mr. *Page 2 
Getsy's right leg, and he suffered several broken bones in his leg. Mr. Getsy did not wear a seat belt although the Rhino is equipped with one.
 {¶ 3} Subsequently, Mr. Getsy filed a complaint for negligence against Mr. Eastham, who answered and then moved for summary judgment pursuant to Civ. R. 56(C). The trial court granted Mr. Eastham's motion for summary judgment. Mr. Getsy now appeals and assigns the following error for our review:
 {¶ 4} "The trial court erred to the prejudice of plaintiff-appellant by sustaining the defendant-appellee's motion for summary judgment since the Rhino is not a recreational vehicle and there was no mutual plan to engage in a recreational or sports activity."
 {¶ 5} Mr. Getsy contends that the trial court erred by granting Mr. Eastham summary judgment, arguing the activity of two men riding on a Yamaha Rhino is not within the definition of engaging in recreational or sports activity since the Rhino is not a recreational vehicle and there was no mutual plan to engage in a recreational or sports activity.
 {¶ 6} Standard of Review
 {¶ 7} "This court reviews de novo a trial court's order granting summary judgment." Hudspath v. Cafaro Co., 11th Dist. No. 2004-A-0073,2005-Ohio-6911, at ¶ 8, citing Hagood v. Conrad, 11th Dist. No. 2000-T-0058, 2002-Ohio-3363, at ¶ 13. "A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law." Id.
 {¶ 8} "Since summary judgment denies the party his or her `day in court' it is not to be viewed lightly as docket control or as a `little trial.' The jurisprudence of summary *Page 3 
judgment standards has placed burdens on both the moving and the nonmoving party. In Dresher v. Burt [(1996), 75 Ohio St.3d 280, 296,] the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ. R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ. R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in Misteff v. Wheeler (1988), 38 Ohio St.3d 112." Welch v. Ziccarelli, 11th Dist. No. 2006-L-229,2007-Ohio-4374, at ¶ 40.
 {¶ 9} The Recreational or Sport-Activity Exception to Liability forNegligence
 {¶ 10} Mr. Getsy refers us to Ohio's recreational user statute, R.C. 1533.181, arguing that Mr. Eastham cannot escape liability under that statute because the Yamaha Rhino is not a recognized recreational vehicle. *Page 4 
 {¶ 11} R.C. 1533.181, the recreational user statute states, in part:
 {¶ 12} "(A) No owner, lessee, or occupant of premises:
 {¶ 13} "(1) Owes any duty to a recreational user to keep the premises safe for entry or use;
 {¶ 14} "(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;
 {¶ 15} "(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."
 {¶ 16} Furthermore, R.C. 1533.18 defines a "recreational user" as follows:
 {¶ 17} "(B) `Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency of the state, or a lease payment or fee paid to the owner of privately owned lands, to enter upon premises to hunt, fish, trap, camp, hike, or swim, or to operate a snowmobile, all-purpose vehicle, or four-wheel drive motor vehicle, or to engage in other recreational pursuits."
 {¶ 18} In addition, R.C. 1533.18(C) states that "all-purpose vehicle" has the same meaning as in R.C. 4519.01. In turn, R.C. 4519.01 defines an "all-purpose vehicle" as including "vehicles commonly known as all terrain vehicles."
 {¶ 19} The parties in this case dispute how the Yamaha Rhino should be characterized. Mr. Getsy describes it as a utility vehicle, while Mr. Eastham, although acknowledging that it is not an ATV, describes it as a "four-wheel drive motor vehicle." *Page 5 
 {¶ 20} The classification of the Rhino, however, is not dispositive of the instant matter. This is because under well-settled law in Ohio, the central issue in this case is not the classification of the vehicle involved, but rather whether the parties were engaged in a recreational or sports activity.
 {¶ 21} In Marchetti v. Kalish (1990), 53 Ohio St.3d 95, syllabus, the Supreme Court of Ohio set forth the recreational or sports-activity exception to liability for negligence. It stated: "[w]here individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either `reckless' or `intentional' as defined in Sections 500 and 8A of the Restatement of Torts 2d."
 {¶ 22} "[The Marchetti] rule has its genesis in the doctrine of primary assumption of the risk and is based on the rationale that a participant to a sporting event or recreational activity accepts the risks associated with the sport or activity." Pope v. Willey, 12th Dist. No. CA2004-10-077, 2005-Ohio-4744, ¶ 8, citing Gentry v. Craycraft,101 Ohio St. 3d 141, 2002-Ohio-379, ¶ 10-11. Underlying the doctrine of primary assumption of risk "is the notion that certain risks are so inherent in some activities that they cannot be eliminated. * * * The doctrine rests on the fiction that plaintiff has tacitly consented to the risk, thereby relieving defendant of any duty owed to him."Collier v. Northland Swim Club (1987), 35 Ohio App.3d 35, 37.
 {¶ 23} Here, although there is a dispute as to the characterization of the Yamaha Rhino, or more precisely, its classification under the vehicle registration laws of this state, as the trial court correctly pointed out, there is no disagreement as to the vehicle's intended use at the time of the accident. The evidence in the record shows that Mr. *Page 6 
Getsy and Mr. Eastham, together with several other co-workers, met for a beer after work and then decided to go to Mr. Eastham's home at his invitation to ride the new four-wheeled vehicles off-road. There is no evidence that the men were using the Rhino for agricultural work or for any other activity other than pleasure. In fact, the evidence here epitomizes the classic definition of "recreation," which is the "refreshment of strength and spirits after work." Merriam-Webster Online Dictionary 2008. When the intended use is undisputed and there is no allegation of reckless or intentional conduct, the analysis ends in this type of case because the doctrine of primary assumption of risk bars a negligence claim. Marchetti at syllabus. See, also, Alexander v.Tullis, 11th Dist. No. 2005-P-0031, 2006-Ohio-1454, ¶ 12; Konrad v.Morant (1993), 89 Ohio App.3d 803, 806; Marcum v. Zerkle, 4th Dist. No. 05CA10, 2005-Ohio-6664, ¶ 11.
 {¶ 24} Thus, the evidence in this record, even when viewed most strongly in favor of Mr. Getsy, demonstrates the absence of a genuine issue of fact on a material element of Mr. Getsy's claim.
 {¶ 25} Although a serious injury resulted from what was to be a relaxing night with friends after work, the law pertaining to recreational activities and primary assumption of the risk is now well-settled and must be followed. Therefore, the trial court correctly applied Marchetti and properly granted Mr. Eastham's motion for summary judgment. Mr. Getsy's assignment of error is not well-taken.
 {¶ 26} The judgment of the Trumbull County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, J., concurs,
 COLLEEN MARY OTOOLE, J., dissents with Dissenting Opinion. *Page 7